[Cite as *Pettit v. Glenmoor Country Club, Inc.*, 2014-Ohio-902.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STEVEN G. PETTIT, ET AL. | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiffs-Appellees/Cross-Appellants | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2013CA00108 |
| GLENMOOR COUNTRY CLUB, INC. | |
| Defendant-Appellant/Cross-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Stark County Common
                                Pleas Court, Case No. 2011CV03298

JUDGMENT:                       Affirmed in part; Reversed in part and
                                Remanded

DATE OF JUDGMENT ENTRY:         March 10, 2014

APPEARANCES:

For Defendant-Appellant/Cross-Appellee        For Plaintiffs-Appellees/Cross-Appellants

MARK S. FUSCO                   JOHN H. SCHAEFFER
Walter/ Haverfield LLP          PATRICK E. NOSER
1301 East Ninth Street, Suite 3500    Critchfield, Critchfield & Johnston, Ltd.
Cleveland, Ohio 44114-1821      225 North Market Street/P.O. Box 599
                                Wooster, Ohio 44691

*Hoffman, P.J.*

{¶1} Defendant-appellant/Cross-appellee Glenmoor Country Club, Inc. ("Glenmoor") appeals the April 5, 2012 Judgment Entry entered by the Stark County Court of Common Pleas finding Plaintiffs-appellees/Cross-appellants Steven G. Pettit and Tracy J. Pettit ("the Pettits") are entitled to a refund of their equity membership pursuant to the terms of the parties' agreement. The Pettits appeal that portion of the trial court's April 5, 2012 Judgment Entry finding they did not prove their claim for breach of contract and the April 30, 2013 denial of their motion to amend their complaint.

## STATEMENT OF THE FACTS AND CASE

{¶2} At all times relevant herein, the Pettits were equity golf members of Glenmoor. The Pettits paid $30,000 to become equity golf members of Glenmoor Country Club. The Pettits signed an Application for Membership which referenced the Club's Bylaws, Rules and Regulations.

{¶3} On October 4, 2011, the Pettits initiated the within lawsuit against Glenmoor, asserting three causes of action: breach of contract, unjust enrichment, and negligent misrepresentation.

{¶4} On December 14, 2011, Glenmoor filed an answer and counterclaim alleging a lien against the Pettits' membership interest pursuant to the parties' Membership Agreement obligating the Pettits to reimburse Glenmoor for reasonable attorney fees incurred by Glenmoor in enforcing the lien.

{¶5} The Pettits filed a motion to amend their complaint to include a claim under the Ohio Consumer Sales Practices Act. The trial court granted the motion via

Order of January 13, 2012, and deemed the amended complaint filed instanter.  The trial court further ordered Glenmoor had fourteen days from the date of the Order to file a response to the amended complaint.  Neither party received a copy of the trial court's order granting the motion to amend the complaint; rather, neither party claims it had knowledge of the trial court's ever granting the same until after trial.

{¶6}   At a final pretrial conference on February 14, 2012, the trial court orally indicated to the parties the motion to amend the complaint would be denied.  The matter proceeded to a bench trial on February 27, 2012.

{¶7}   At trial, the Pettits were under the belief their motion to amend the complaint had been denied based upon the trial court's statements at the final pretrial, and requested the trial court reconsider its ruling.  The trial court stated on the record the motion had been denied, and once again orally denied the motion to amend on the record.

{¶8}   On April 5, 2012, the trial court issued its decision finding the Pettits did not prove their claims for breach of contract, unjust enrichment or negligent representation.  The trial court also found Glenmoor was not entitled to legal fees.  The trial court then found the filing of the complaint by the Pettits constituted Notice of Resignation to Glenmoor and demand for repayment of the equity contribution under the parties' Membership Agreement.

{¶9}   On April 23, 2012, Glenmoor filed a motion for clarification and reconsideration with the trial court.  The Pettits filed a motion in opposition.

{¶10} Glenmoor filed a notice of appeal with this Court on May 7, 2012.  This Court found the trial court's judgment entry did not constitute a final appealable order

because the trial court's oral pronouncement denying the Pettits' motion to amend their complaint was not journalized and was not part of the conclusions of law filed by the trial court. This Court found the trial court's January 12, 2013 Order allowing the amended complaint was still in effect, therefore, the Pettits' OCSPA claim remained pending. This Court remanded the matter to the trial court for further proceedings.

{¶11} On remand, the trial court conducted a pretrial hearing and scheduled a subsequent hearing to determine how to address the remand order from this Court. The Pettits then filed a motion for default judgment on their amended complaint. Glenmoor opposed the motion and asked the trial court to journalize its decision at trial to deny the motion to amend the complaint.

{¶12} On April 30, 2013, the trial court overruled the Pettits' motion for default judgment and entered an order denying the motion to amend the complaint.

{¶13} On May 28, 2013, Glenmoor filed a notice of appeal, assigning as error:

{¶14} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW, THAT THE PETTITS ARE ENTITLED TO A REFUND OF THEIR EQUITY MEMBERSHIP AT SOME INDEFINITE POINT IN TIME."

{¶15} The Pettits assign as error on cross-appeal:

{¶16} "I. THE TRIAL COURT ERRED IN FINDING THE PETTITS DID NOT PROVE THEIR CLAIM FOR BREACH OF CONTRACT.

{¶17} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE PETTITS' TIMELY AND UNOPPOSED MOTION TO AMEND THE COMPLAINT.

{¶18} "III. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE PETTITS' MOTION FOR DEFAULT JUDGMENT."

I and Cross-Appeal I

{¶19} Glenmoor Country Club's assigned error and the Pettits' first assigned error on cross appeal assert common and interrelated issues; therefore, we will address the arguments together.

{¶20} This Court addressed the issues raised herein in *Caley v. Glenmoor Country Club, Inc.* Stark App. Nos. 2013CA00012, 2013CA00018, 2013-Ohio-4877, holding:

{¶21} "Here, Appellees each entered into a written membership contract with Glenmoor. Such written contract addresses how and when a member will receive a refund of his initiation fee upon resignation.

{¶22} "When the terms of a contract are clear and unambiguous, a trial court may not go beyond the plain language of the agreement to determine the intent of the parties. *See Alexander v. Buckeye Pipe Line Co.,* 53 Ohio St.2d 241, 246, 374 N.E.2d 146 (1978).

{¶23} "Here, the trial court made no finding, and upon review of the record we find no evidence, that the contract in this case was ambiguous.

{¶24} "We therefore find that the trial court erred in finding the existence and subsequent breach of an oral contract in this matter.

{¶25} "*Unconscionability*

{¶26} "We have previously found the trial court's finding of unconscionability in this matter to be erroneous.

{¶27} "*Breach of written contract*

**{¶28}** "In order to succeed on a breach of contract claim, the plaintiff must demonstrate that: (1) a contract existed; (2) the plaintiff fulfilled his obligations; (3) the defendant breached his obligations; and (4) damages resulted from this breach. *Chaney v. Ramsey,* 4th Dist. No. 98CA614, 1999 WL 217656, (Apr. 7, 1999), citing *Doner v. Snapp,* 98 Ohio App.3d 597, 600, 649 N.E.2d 42 (2nd Dist.1994).

**{¶29}** "'[B]reach,' as applied to contracts is defined as a failure without legal excuse to perform any promise which forms a whole or part of a contract, including the refusal of a party to recognize the existence of the contract or the doing of something inconsistent with its existence.' *Natl. City Bank of Cleveland v. Erskine & Sons, Inc.,* 158 Ohio St. 450, 110 N.E.2d 598 (1953), paragraph one of the syllabus.

**{¶30}** "'When the facts presented are undisputed, whether they constitute a performance or a breach of a written contract, is a question of law for the court.' ' *Koon v. Hoskins,* 4th Dist. No. 95CA497, 1996 WL 30018, (Jan. 24, 1996), fn. 5, quoting *Luntz v. Stern,* 135 Ohio St. 225, 20 N.E.2d 241 (1939), paragraph five of the syllabus.

**{¶31}** "While Appellees make much of the fact that they claim to have had no knowledge of the terms of repurchase following resignation, the membership application clearly states that members will be bound by the Bylaws and Rules and Regulations of the Club. Nothing prevented Appellees, both successful business men, from seeking legal counsel to review the membership contract prior to joining. Appellees were sophisticated enough to appreciate the possibility of retaining counsel. Instead, Appellees both entered into such contract willingly and used the Club regularly for many years prior to their decision to resign their memberships.

**{¶32}** "This Court has followed 'the well-settled principle that a person who is competent to contract and who signs a written document without reading it is bound by its terms and cannot avoid its consequences.' *Hook v. Hook* (1982), 69 Ohio St.2d 234, 238, 23 O.O.3d 239, 431 N.E.2d 667. According to the Ohio Supreme Court, the 'legal and commonsensical axiom that one must read what one signs survives' to this day. *ABM Farms, Inc. v. Woods* (1998), 81 Ohio St.3d 498, 503, 692 N.E.2d 574. *See, also, McAdams v. McAdams* (1909), 80 Ohio St. 232, 240–241, 88 N.E. 542 ('A person of ordinary mind cannot be heard to say that he was misled into signing a paper which was different from what he intended, when he could have known the truth by merely looking when he signed.').

**{¶33}** "In the instant case, we find that the only term of the membership contract which was breached in this matter was that provision relating to whether a club member could or could not use the club facilities after tender of resignation and prior to repurchase of the membership by the club. This Court finds that the provision contained in the 1992 Code of Regulations is the controlling contract provision and that the Club breached its contract with Appellees by not allowing them to use the Club facilities until such time as their membership is repurchased or their equity is depleted.

**{¶34}** "We therefore remand this matter to the trial court for a determination of damages for the breach of contract for the period of time Appellees were charged quarterly dues but were prohibited from using the club facilities.

**{¶35}** "We further note that the damage calculation may be different for each set of Appellees in this matter, as Appellees Gehring resigned with an unpaid dues balance."

{¶36} In the case sub judice, the Pettits cite the Code of Regulations of Glenmoor Country Club, Inc., which read, "a resigned member shall not be entitled to use the Club facilities after his or her membership has been repurchased." The Pettits assert they, along with other members who have resigned since 2004, have not been permitted to use the Club facilities once they were deemed to have resigned, but before their membership has been repurchased. The application signed by Mr. Pettit incorporated the Club's Bylaws, Rules and Regulations and contained identical language regarding use of the Club until the membership is repurchased. Accordingly, the Pettits maintain Glenmoor breached the contract between the parties.

{¶37} At oral argument, both parties agreed this matter should be reversed and remanded to the trial court to apply this Court's holding in *Caley*, supra, which was decided after the trial court's decision in the case sub judice. Accordingly, we reverse the trial court's decision as it relates to the Pettits breach of contract claim and issues regarding the Pettits' entitlement to refund of their equity membership for redetermination in accordance with *Caley*.

{¶38} Glenmoor's assigned error is sustained. The Pettits' first assigned error is sustained.

### Cross Appeal II.

{¶39} In the second assigned error on cross-appeal, the Pettits argue the trial court's denial of their motion to amend their complaint constituted an abuse of discretion. As noted supra, neither party ever received a copy of the trial court's January 13, 2012 Order granting the motion to amend the complaint to add the Ohio Consumer Sales Practices Act claim. Rather, both parties were of the assumption the

trial court intended to deny the motion after orally pronouncing it would do the same at the February 13, 2012 pretrial conference. Although the trial court issued the written Order granting the motion to amend on January 13, 2012, the Order was never served on the parties. However, the trial court subsequently again orally denied the motion to amend at the outset of trial on February 27, 2012.

{¶40} On appeal from the April 5, 2012 Judgment Entry this Court held the previous judgment appealed was not a final appealable order, stating:

{¶41} "We note that a court of record speaks only through its journal, and not by oral pronouncement. *Schenley v. Kauth,* 160 Ohio St. 109, 113 N.E.2d 625 (1953), paragraph one of the syllabus. A trial court's oral statements have no legal force and effect unless and until incorporated into a journalized entry. *In Re Guardianship of Hollins,* 114 Ohio St.3d 434, 2007–Ohio–4555, 872 N.E.2d 1214, ¶ 30. Moreover, where a journalized order and the trial court's comments from the bench are contradictory, the journalized order controls. See *State v. Hillman,* 10th Dist. Nos. 09AP–478, 09AP–479, 09AP–480, 2010–Ohio–256, ¶ 15, citing to *State v. Burnett,* 8th Dist. No. 72373, 1997 WL 578780 (Sept. 18, 1997), citing *Economy Fire & Gas Co. v. Croft Gen. Contractors, Inc.,* 7 Ohio App.3d 335, 455 N.E.2d 1037 (10th Dist.1982).

{¶42} "In the case sub judice, the trial court never incorporated its oral statement denying the motion to amend the complaint, which previously had been granted, into a journalized entry. The claim that appellant had violated the Consumer Sales Practices Act thus remains pending. While the trial court, in its April 5, 2012 Judgment Entry, stated that '[t]his is a final appealable order and there is not just cause for delay', we note, as is stated above, that a finding there is no just cause for delay '... is not a

mystical incantation which transforms a nonfinal order into a final appealable order.' *Wisintainer v. Elcen Power Strut Co.,* 67 Ohio St.3d 352, 617 N.E.2d 1136, (1993), citing *Chef Italiano Corp. v. Kent State Univ.,* 44 Ohio St.3d 86, 541 N.E.2d 64 (1989).

**{¶43}** "Accordingly, the judgment appealed from is not a final, appealable order. The appeal is dismissed."

**{¶44}** Upon remand, the trial court, via Judgment Entry filed April 30, 2013, overruled the Pettits' motion for default judgment and entered an order denying the motion to amend the complaint.

**{¶45}** Civil Rule 15(A) allows a party to amend it pleadings by leave of court. The rule provides,

**{¶46}** "A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within fourteen days after service of the amended pleading, whichever is later."

**{¶47}** Here, the initial complaint was filed on October 14, 2011. Glenmoor filed its answer and counterclaim on December 14, 2011. The Pettits moved to amend their complaint following discovery. Glenmoor did not file an objection to the motion to amend. We note Glenmoor had previously filed an action against the Pettits on

September 21, 2009, in Stark County Common Pleas Case No. 2009CV03627 involving membership status issues. The parties eventually settled the litigation and the action was dismissed.

**{¶48}** We find the January 13, 2012 Order allowing the Pettits to amend their complaint was an interlocutory order subject to modification. Accordingly, the trial court was free to reverse that decision upon remand.

**{¶49}** As a result of the litigation commenced in September of 2009, the Pettits were aware of the documents and contracts existing between the parties long before they filed the instant lawsuit. The parties have had extensive dealings and are familiar with the documents and prior litigation. We find the trial court did not abuse its discretion in denying the Pettits' motion for leave to amend their complaint.

**{¶50}** Glenmoor's second assignment of error is overruled.

Cross-Appeal III.

**{¶51}** In the third assigned error on cross-appeal, the Pettits assert the trial court erred in denying the motion for default judgment on their OCSPA claim as the trial court had granted the motion to amend and deemed the complaint filed instanter on January 13, 2012. Glenmoor did not file an answer.

**{¶52}** Having determined in the Pettits' cross-appeal assignment of error II, the trial court did not abuse its discretion in denying their motion to amend upon remand, we overrule this assignment of error.

{¶53} The April 5, 2012 Judgment Entry of the Stark County Court of Common Pleas is reversed and the matter remanded to the trial court for further proceedings in accordance with the law and this opinion.  The April 30, 2013 Judgment Entry denying the Petitts' motion to amend their complaint is affirmed.

By: Hoffman, P.J.

Delaney, J.  and

Baldwin, J. concur