[Cite as *Bear v. Bear*, 2014-Ohio-2919.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| SHARON L. BEAR | | C.A. No. 26810 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| BYRON RANDALL BEAR, et al. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No. CV 2011-09-5455 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2014

HENSAL, Judge.

**{¶1}** Appellant, Sharon L. Bear, appeals the judgment of the Summit County Court of Common Pleas. For the following reasons, this Court affirms in part and reverses in part.

I.

**{¶2}** Ms. Bear and her brother, Byron Randall Bear ("Randall"), are the surviving children of Byron W. Bear and Dicie E. Bear. Byron and Dicie executed a joint revocable trust agreement in 1991. Byron predeceased Dicie. In 1999, Dicie executed an addendum to the trust agreement that: (1) named both Sharon and Randall equal beneficiaries; (2) designated money that Dicie gave Sharon to purchase property as an advancement of her trust share; and (3) changed the trustee designation from Sharon and Randall as co-trustees to Randall as the sole trustee and Sharon as an alternate trustee. Dicie died in 2000, after which a protracted legal battle ensued between Sharon and Randall.

{¶3} In 2001, Sharon filed a complaint against Randall that challenged the legality of the 1999 trust addendum and the propriety of his handling of the trust assets. The Summit County Probate Court concluded that the 1999 trust addendum was null and void as the original trust provided that any modification to its terms required the written approval of both Byron and Dicie. Under the terms of the original trust agreement, Sharon became a co-trustee with Randall. In response to a motion filed by Sharon in 2004, the court ordered Randall to provide an accounting of all the trust assets. The court, however, overruled Sharon's motion to remove him as sole trustee.

{¶4} In 2007, Sharon filed a separate complaint against Randall in the court of common pleas general division seeking to: (1) partition and quiet title to various parcels of real estate that were previously owned by their parents but were not included in the trust; (2) to compel distribution of a parcel of real estate that was a trust asset; and (3) for an accounting of all trust assets. Sharon and Randall resolved the 2007 lawsuit with an agreed entry that appointed a receiver over the properties and a Nuveen investment account that was a trust asset. The parties moved to reopen the 2007 case after they discovered that the receiver failed to distribute the Nuveen account. Sharon attempted to appeal an order issued in that case which awarded Randall reimbursement of fees and expenses from the proceeds of the account. This Court granted Randall's motion to dismiss the appeal on the basis that the appeal was moot after the Nuveen account was liquidated and distributed to the parties. The Supreme Court declined to accept Sharon's appeal of our order. *Bear v. Bear*, S.Ct. Case No. 2012-2045, 3/13/2013 case announcements, 2013-Ohio-902.

{¶5} In 2009, Sharon filed another complaint against Randall, which also named various financial institutions as co-defendants. She alleged that Randall "secretly, fraudulently,

and covertly" used the 1999 trust addendum to persuade various banks that he was the sole trustee so as to divert trust assets to himself. According to Sharon, Randall fraudulently induced the banks to distribute trust assets to him alone and that the banks negligently failed to investigate the accuracy of his representations that he was the sole trustee. Sharon dismissed her claims against all the defendants without prejudice.

{¶6} Sharon re-filed the same lawsuit against Randall, National City Bank nka PNC Bank, Morgan Stanley and American Funds in 2011. Sharon's 2009 complaint named Nuveen Investments as a defendant, but her 2011 refiled complaint did not name it as a defendant. PNC Bank was granted summary judgment while the trial court dismissed American Funds after Sharon failed to file a more definite statement of her claims against it. Morgan Stanley filed an answer denying the allegations and asserted a cross-claim against Randall. It filed a motion for summary judgment, inter alia, on the basis that Sharon's negligence claim was barred by the statute of limitations. Approximately three weeks after Morgan Stanley filed its motion for summary judgment, Sharon moved to amend her complaint to assert a fraud claim against the defendant financial institutions. The trial court denied the motion and granted Morgan Stanley's motion for summary judgment.

{¶7} Randall filed a motion to dismiss, or in the alternative, motion for summary judgment. The court then granted Randall's motion to dismiss. Sharon appeals from the following: the order that denied her motion to amend her complaint; the order that granted summary judgment to Morgan Stanley; and the order that granted Randall's motion to dismiss. She filed a timely appeal, and raises three assignments of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL JUDGE ABUSED HIS DISCRETION BY REFUSING TO GRANT
PLAINTIFF-APPELLANT LEAVE TO AMEND HER COMPLAINT[.]

{¶8}   Sharon argues in her first assignment of error that the trial court abused its discretion when it denied her motion to amend her complaint to assert a fraud claim.  We do not agree.

{¶9}   A trial court's decision on a motion for leave to amend a pleading is reviewed for an abuse of discretion.  *Jacobson-Kirsch v. Kaforey*, 9th Dist. Summit No. 26708, 2013-Ohio-5114, ¶ 12, citing *Wilmington Steel Products, Inc. v. Cleveland Elec. Illuminating Co.*, 60 Ohio St.3d 120, 122 (1991).  An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary, or unconscionable."  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  This court may not substitute its judgment for that of the trial court when applying the abuse of discretion standard.  *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶10}   Under the version of Civil Rule 15(A) in effect at the time that Sharon filed her motion for leave to amend her complaint, "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *.  Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party.  Leave of court shall be freely given when justice so requires."  "Because Civ.R. 15(A) expresses a preference for liberality with respect to amendments, 'a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party.'"  *Jacobson-Kirsch* at ¶ 12 , quoting *Hoover v. Sumlin*, 12 Ohio St.3d 1, 6 (1984).  A plaintiff's attempt to amend her complaint after the filing of a motion for summary judgment, however, "raises the spectre of prejudice."  *Brown v. FirstEnergy Corp.*, 159 Ohio App.3d 696, 2005-Ohio-712, ¶ 6 (9th Dist.),

quoting *Johnson v. Norman Malone & Assoc., Inc.*, 9th Dist. Summit No. 14142, 1989 WL 154763, *5 (Dec. 20, 1989).

{¶11} Sharon moved to amend her complaint after Morgan Stanley moved for summary judgment. Her motion gives no reason for her initial failure to plead fraud and it is unclear whether she sought to plead fraud against Morgan Stanley alone or all the named banks. Morgan Stanley opposed Sharon's motion to amend and argued that her request was brought in bad faith and with undue delay because: (1) it had filed the same summary judgment motion on the same grounds in the 2009 case; (2) she failed to attach a proposed amended complaint to her motion; (3) her motion failed to include enough allegations to establish that her claim could be pleaded with particularity as required by Civil Rule 9(B); (4) her claim contained insufficient allegations to survive a motion to dismiss under Civil Rule 12(B)(6); and (4) her claim would be barred by the statute of limitations. In denying Sharon's motion to amend, the trial court noted that Morgan Stanley's objections were well-founded as it had "set forth several reasons upon which this Court could conclude that amendment of the Complaint will (a) be futile, (b) cause undue delay and, (c) that the request for amendment is procedurally deficient for not stating facts with particularity to support allegations of fraud."

{¶12} To the extent that the trial court considered factors other than bad faith, undue delay or undue prejudice when it denied Sharon's motion to amend, it erred. *See Jacobson-Kirsch*, 2013-Ohio-5114, at ¶ 12, citing *Wilmington Steel Products*, 60 Ohio St.3d 120, at 122. The court's judgment, however, reveals that it did consider whether Sharon's request was attributable to undue delay when it denied her motion. Further, undue prejudice is suggested by virtue of the fact that she waited until after Morgan Stanley filed its summary judgment motion, which was on essentially the same grounds it had moved in the previous action, to request leave

to amend her complaint. *See Brown* at ¶ 6, quoting *Johnson* at *5. "[P]laintiffs should not be permitted to sit by for this period and bolster up their pleadings in answer to a motion for summary judgment." *Id.*, quoting *Johnson* at *5. This Court notes that this is not a case wherein Sharon did not discover the basis of her fraud claim until after the commencement of discovery. The parties and the documents involved were familiar to her due to the 2009 case. *See Pettit v. Glenmoor Country Club, Inc.*, 5th Dist. Stark No. 2013CA00108, 2014-Ohio-902, ¶ 49 (Affirming trial court's denial of motion to amend a complaint when the plaintiffs were aware of parties and documents prior to refiling their case). She also did not allege that the amendment was necessary to correct an omission. Under these facts, this Court cannot conclude that the trial court abused its discretion in denying Sharon's motion for leave to amend her complaint. Her first assignment of error is overruled.

ASSIGNMENT OF ERROR II

> THE TRIAL JUDGE ERRED, AS A MATTER OF LAW, BY GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE, MORGAN STANLEY, ON THE BASIS OF THE STATUTE OF LIMITATIONS DEFENSE[.]

{¶13} In her second assignment of error, Sharon argues that the trial court erred when it granted summary judgment to Morgan Stanley by utilizing the wrong subsection of the statute of limitations statute and by failing to apply a discovery rule. We disagree.

{¶14} An appellate court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. Summit No. 25427, 2011–Ohio–1519, ¶ 8. Pursuant to Civil Rule 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The movant must specifically identify the portions of the record that demonstrate an absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). If the movant satisfies this initial burden, the nonmoving party has a reciprocal burden to point to specific facts that show a genuine issue of material fact for trial. *Id.* The nonmoving party must identify some evidence that establishes a genuine issue of material fact, and may not rely upon the allegations and denials in the pleadings. *Sheperd v. Akron*, 9th Dist. Summit No. 26266, 2012–Ohio–4695, ¶ 10.

{¶15} Morgan Stanley argued in its motion for summary judgment that Sharon's negligence claim was barred by the four-year statute of limitations found in Revised Code Section 2305.09. Section 2305.09 provides that:

> Except as provided for in division (C) of this section, an action for any of the following causes shall be brought within four years after the cause thereof accrued:
>
> * * *
>
> (B) For the recovery of personal property, or for taking or detaining it;
>
> * * *
>
> (D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 1304.35, 2305.10 to 2305.12, and 2305.14 of the Revised Code;
>
> * * *
>
> If the action is for * * * the wrongful taking of personal property, the cause[ ] thereof shall not accrue until the wrongdoer is discovered * * *.

{¶16} The parties disagree whether the discovery rule found in the last sentence of Section 2305.09 applies to toll the statute of limitations until Sharon discovered Randall's

alleged misconduct involving the Morgan Stanley account. Morgan Stanley supported its motion for summary judgment with an affidavit from a branch manager who averred that he reviewed the account records, which revealed that Randall, who held himself out as the sole trustee by using the 1999 trust addendum, opened the account on May 11, 2001. According to the manager, the account remained open through February of 2004 when it was closed. His affidavit appended all of the monthly statements pertaining to the account which included transaction details. The manager further averred that Morgan Stanley received correspondence dated June 1, 2004, from an attorney purporting to represent Sharon in her capacity as co-trustee that requested a full history of the account. It is unclear from the record whether Morgan Stanley complied with the attorney's request.

{¶17} Sharon opposed Morgan Stanley's motion with her own affidavits in which she averred that she was not aware of Randall's purported fraudulent activity until the spring of 2009. According to her, Randall withheld financial information that pertained to the trust from her despite her repeated requests for such information. Sharon averred that it was not until "recently" when she learned from a Morgan Stanley representative that Randall had withdrawn money over an extended period of time without informing her, as co-trustee, of his actions. Further, she maintained that she suffered a serious head injury and "mental instability" in 2004 that impeded her ability to obtain information from the banks. Sharon presented no evidence, however, that she was adjudged mentally incompetent by any court. She argues on appeal that her claim against Morgan Stanley falls under subsection (B) of Section 2305.09 "[f]or the recovery of personal property, or for taking or detaining it[.]" Therefore, argues Sharon, she is entitled to the application of the last sentence of Section 2305.09, which would toll the statute of limitations period until the "wrongdoer is discovered."

{¶18} "In determining which statute of limitations should be applied to a particular cause of action, * * * 'courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. The grounds for bringing the action are the determinative factors[;] the form is immaterial.'" *Lawyers Cooperative Publishing Co. v. Muething*, 65 Ohio St.3d 273, 277-278 (1992), quoting *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183 (1984). *See also Cundall v. U.S. Bank*, 122 Ohio St.3d 188, 2009-Ohio-2523, ¶ 23, quoting *Doe v. First United Methodist Church*, 68 Ohio St.3d 531, 536 (1994) ("In determining the appropriate statute of limitations for a given case, we look to the 'essential character' of the plaintiffs' claims.") Our review of Sharon's claims reveals that her grounds for suing Morgan Stanley were based on its alleged negligence in failing to investigate Randall's assertions that he was the sole trustee in light of the fact that it had a copy of the original trust document, which precluded amendments to the trust absent both settlors' written approval. She does not allege that Morgan Stanley itself converted or wrongfully detained her property. Rather, Sharon maintains that Randall was responsible for fraudulently inducing Morgan Stanley to believe that he had sole authority over the trust assets. Morgan Stanley's alleged role, according to Sharon, was its negligent failure to investigate the accuracy of his representations.

{¶19} Sharon's claims against Morgan Stanley are clearly grounded in negligence rather than conversion or fraud. General tort claims, including those for negligence, are governed by the four-year statute of limitations found in Revised Code Section 2305.09(D). *Investors REIT One v. Jacobs*, 46 Ohio St.3d 176, 179 (1989). "The general rule is that a cause of action exists from the time the wrongful act is committed." *Flagstar Bank, F.S.B. v. Airline Union's Mtge. Co.*, 128 Ohio St.3d 529, 2011-Ohio-1961, ¶ 13. At the very latest, the statute of limitations began to run on Sharon's claim against Morgan Stanley in February of 2004 when Randall

withdrew the remaining funds and the account was closed. Her claims against Morgan Stanley, which were initially filed in 2009, were barred by the four-year statute of limitations. Accordingly, the trial court properly granted summary judgment to Morgan Stanley as no genuine issue of material fact remained to be litigated. Sharon's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE TRIAL JUDGE ERRED, AS A MATTER OF LAW, BY DISMISSING THE COMPLAINT AGAINST DEFENDANT-APPELLEE, BYRON RANDALL BEAR, FOR FAILURE TO ALLEGE A POTENTIALLY MERITORIOUS CLAIM FOR RELIEF.

{¶20} Sharon argues in her third assignment of error that the trial court erred when it dismissed her claims against Randall. This Court agrees.

{¶21} Randall's motion to dismiss was filed under Civil Rule 12(B)(6). This Court reviews a trial court's decision on a motion to dismiss de novo. *Equable Ascent Fin., L.L.C. v. Ybarra*, 9th Dist. Lorain Nos. 12CA010290, 12CA010296, 2013-Ohio-4283, ¶ 12, citing *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 12.

> In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought. The allegations of the complaint must be taken as true, and those allegations and any reasonable inferences drawn from them must be construed in the nonmoving party's favor.

*Id.*, citing *McKinley* at ¶ 12.

{¶22} Randall's motion to dismiss was alternatively a motion for summary judgment. He premised his motion on his arguments that Sharon's claims against him were barred by the statute of limitations, res judicata, waiver and estoppel. Instead of granting the motion on one of the grounds advanced by Randall in his motion, the trial court granted his motion to dismiss on

the basis that Sharon failed to adequately plead fraud under Civil Rule 9(B), and, therefore, failed to state a claim upon which relief could be granted.

{¶23} Fraud consists of several elements:

(1) a representation (or concealment of a fact when there is a duty to disclose) (2) that is material to the transaction at hand, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, and (4) with intent to mislead another into relying upon it, (5) justifiable reliance, and (6) resulting injury proximately caused by the reliance.

*Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 27. Civil Rule 9(B) provides that, when pleading fraud or mistake, the circumstances constituting fraud or mistake shall be pleaded with particularity. "The circumstances constituting fraud, as that phrase is used in Rule 9(B), include the time, place, and content of the false representation; the fact misrepresented; the identification of the individual giving the false representation; and the nature of what was obtained or given as a consequence of the fraud." *Wright v. Bank of New York*, 9th Dist. Summit No. 25842, 2012-Ohio-2289, ¶ 19, quoting *Hamblin v. Daugherty*, 9th Dist. Medina Nos. 06CA0109-M, 06CA0112-M, 2007-Ohio-5893, ¶ 20. The particularity requirement of Rule 9(B) must be applied together with the more general pleading requirement in Rule 8, which directs that pleadings should be "simple, concise, and direct." Civ.R. 8(E); *Bradley v. Bessick*, 9th Dist. Lorain No. 98CA007182, 2000 WL 372322, *3 (Apr. 12, 2000), quoting *F & J Roofing Co. v. McGinley & Sons, Inc.*, 35 Ohio App.3d 16, 17 (9th Dist.1987). "To have met the requirements of Civ.R. 9(B), the complaint * * * must have 'sufficiently apprised' the defendant 'of the specific claims to be required to answer.'" *L.E. Sommer Kidron, Inc. v. Kohler*, 9th Dist. Wayne No. 06CA0044, 2007-Ohio-885, ¶ 27, quoting *Haddon View Invest. Co. v. Coopers & Lybrand*, 70 Ohio St.2d 154, 159 (1982).

**{¶24}** Sharon maintains that she pleaded her fraud claims against Randall with the particularity required by Civil Rule 9(B). Her complaint alleged that:

> During the time period beginning in 2001 and continuing up through 2007, * * * Randall * * * secretly, fraudulently, and covertly conducted a campaign to illegally siphon funds from the Dicie E. Bear Estate and Trust. Specifically, * * * Randall * * * contacted the financial institution defendants and purported to be the sole [t]rustee, [b]eneficiary, or [f]iduciary of the Dicie E. Bear Estate and Trust and would convince the financial institution defendants that he was to have sole authority over the disbursement of funds and that these financial institution defendants should avoid or ignore the Co-Executrix, Sharon L. Bear.

This Court concludes that the allegations in the complaint met all the pleading requirements of Civil Rule 9(B) so that Randall was sufficiently apprised of the allegations against him so as to enable him to prepare an effective response. The complaint alleges that the content of his allegedly false representations concerned the fact that he was the sole trustee, beneficiary or fiduciary of the trust, that the representations were made between 2001 and 2007 to the defendant financial institutions and that Randall was the defendant who made the representations. The remaining claims in Sharon's complaint allege that the banks, in reliance on Randall's assertions, dispersed funds to him alone without her knowledge. "Where it is apparent that even though the pleadings may be vague the defendant does in fact have notice of the matters of which plaintiff complains, a strict application of Civ.R. 9(B) can serve no useful purpose." *F & J Roofing Co.* at 17-18.

**{¶25}** Construing all allegations and reasonable inferences in the complaint in favor of Sharon, this Court will not conclude, in the first instance, that she can prove no set of facts that would entitle her to relief so as to warrant dismissal of her claims under Civil Rule 12(B)(6). Accordingly, the court erred in granting Randall's motion to dismiss. Because the trial court granted Randall's motion to dismiss on alternate grounds and did not rule on the defenses he presented, this Court makes no determination as to the merits of his arguments set forth in his

motion to dismiss as to do so would require that we decide such issues in the first instance. This Court remands the matter so that the trial court can consider the defenses set forth in Randall's motion to dismiss. *See Cuyahoga Re-Entry Agency v. Ohio State Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 11AP-740, 2012-Ohio-2034, ¶ 42. Sharon's third assignment of error is sustained.

## III.

{¶26} Sharon's first and second assignments of error are overruled. Her third assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings.

Judgment affirmed in part,
reversed in part,
and cause remanded.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JENNIFER HENSAL
FOR THE COURT

BELFANCE, P. J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶27} I respectfully dissent with respect to the main opinion's resolution of Ms. Bear's first assignment of error. I would conclude that the trial court abused its discretion in denying Ms. Bear's motion to amend because the trial court did so based on evidence not in the record before it. Because of that, I would conclude that it was premature to grant summary judgment to Morgan Stanley given that the proposed amendment appeared likely to impact the allegations against Morgan Stanley. I concur with respect to the main opinion's resolution of the third assignment of error.

{¶28} Civil Rule 15(A) contains the express requirement that "[t]he court shall freely give leave [to amend] when justice so requires." This makes sense given that pleadings at the outset of the litigation are merely required to contain short, plain statements setting forth the claimed entitlement to relief and, as discovery ensues, facts may come to light that dramatically change the landscape of both the claims and the defenses. Thus, the rule of liberality is tempered where there is demonstration of bad faith, undue delay, or undue prejudice. *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 99 (1999) ("While the [civil] rule allows for liberal amendment, motions to amend pleadings pursuant to Civ.R. 15(A) should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party."). *See also*

*Pintagro v. Sagamore Hills Twp.,* 9th Dist. Summit No. 25697, 2012-Ohio-2284, ¶ 22. As recognized in the main opinion, the trial court's entry is problematic because, in finding the defendants' motion to be well-taken, it specifically identified reasons given by the defendants other than bad faith, undue delay, or undue prejudice as grounds for denying the motion. The trial court did not give any specific reason, much less discuss the basis upon which it actually denied the motion. Instead, it stated that "Defendant's objections to amendment of the complaint are well-taken and the Motion for Leave to Amend Pleading is OVERRULED." Given the ambiguity, it is possible that the trial court granted the motion based upon on an impermissible ground argued by the defendants while at the same time not truly reaching the question of bad faith, undue delay, or undue prejudice. Thus, I disagree with the suggestion that the court's judgment reveals that it based its denial of Ms. Bear's request upon undue delay. Moreover, the record in this case does not reveal undue delay.

**{¶29}** In addition, I disagree that undue prejudice was demonstrated given the record before us. This Court has concluded in the past that "an attempt to amend a complaint following the filing of a motion for summary judgment raises the spectre of prejudice." (Internal quotations and citation omitted.) *Pintagro* at ¶ 22. Additionally, it is true that the Supreme Court of Ohio has held that, "[w]here a plaintiff fails to make a prima facie showing of support for new matters sought to be pleaded, a trial court acts within its discretion to deny a motion to amend the pleading." (Emphasis omitted.) *Wilmington Steel Prods., Inc. v. Cleveland Elect. Illuminating Co.,* 60 Ohio St.3d 120 (1991), syllabus. However, the Supreme Court later clarified that holding in the case of *Darby v. A-Best Prods. Co.,* 102 Ohio St.3d 410, 2004-Ohio-3720. There the Supreme Court stated that,

> [i]n considering a plaintiff's request for leave to amend, a trial court's primary consideration is whether there is actual prejudice to the defendants because of the

delay. Although we have held in a case involving the assertion of a new claim against an existing defendant that the plaintiff must make at least a prima facie showing [of] support for the new matters sought to be pleaded that consideration is meant to aid in determining whether the amendment is simply a delaying tactic, [or] one which would cause prejudice to the defendant.

(Internal quotations and citations omitted.) *Id.* at ¶ 20. *See also Mitchell v. Lemmie,* 2d Dist. Montgomery No. 21511, 2007-Ohio-5757, ¶ 80-81.

{¶30} In the instant matter, in their briefs in opposition to Ms. Bear's motion to amend, PNC and Morgan Stanley base their claim of undue delay and bad faith on the fact that this case was a refiled case and based upon assertions about the history of the 2009 litigation. They rely on their recitation of the procedural history of the 2009 litigation to demonstrate that Ms. Bear should have been aware of the fraud claim and Morgan Stanley's statute of limitations argument years ago, as Morgan Stanley filed the same summary judgment motion in the 2009 case. The problem with that argument is that the only item in the record from the 2009 litigation appears to be the 2009 complaint. Neither Morgan Stanley nor PNC filed documents from the 2009 litigation evidencing its procedural history. Thus, we have no record of how the 2009 litigation proceeded. Moreover, the trial court was not permitted to take judicial notice of the record of the 2009 case. *See In re J.C.,* 186 Ohio App.3d 243, 2010-Ohio-637, ¶ 14 (9th Dist.) ("A trial court may only take judicial notice of prior proceedings in the immediate case.") (Internal quotations and citation omitted.). Accordingly, there was no evidence to support their argument concerning undue delay. Despite this, it appears from the judgment entry that the trial court relied on these facts not in evidence in concluding that the motion to amend should be denied.

{¶31} This was not a case that was pending for years prior to the plaintiff seeking to amend the complaint. At the point in time that Ms. Bear filed her motion to amend, Mr. Bear had not even been served with the complaint, and Morgan Stanley's motion for summary

judgment had been on the docket for less than a month. Given all the circumstances discussed above, I would sustain Ms. Bear's first assignment of error. Because Ms. Bear should have been granted leave to amend her complaint, it was premature to grant Morgan Stanley summary judgment. I concur in the main opinion's resolution of Ms. Bear's third assignment of error.

CARR, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶32} I concur in the majority's resolution of the first and second assignments of error. The issue before this Court is whether or not the trial court can dispose of a claim on the basis of grounds not raised in the motion to dismiss. In that regard, I disagree with the majority's resolution of the third assignment of error, specifically the conclusion that Ms. Bear's fraud claim can withstand a motion to dismiss for failure to state a claim upon which relief can be granted and that this matter must be remanded to the trial court for consideration of the grounds raised in Mr. Bear's motion to dismiss in the first instance.

{¶33} The Ohio Supreme Court has recognized that "[t]he Rules of Civil Procedure neither expressly permit nor forbid courts to sua sponte dismiss complaints." *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108 (1995). Even so, "[g]enerally, a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief may be granted, only after the parties are given notice of the court's intention to dismiss and an opportunity to respond." *Id*. The high court has recognized an exception to this general rule, however, in two instances. "Sua sponte dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 316 (2000).

{¶34} The trial court dismissed Ms. Bear's fraud claim after discussing the requirements of Civ.R. 9(B) and subsequently finding that she failed to allege certain necessary elements of the claim. Civ.R. 9(B) requires that claims alleging fraud must be stated with particularity. This Court has held that a failure to comply with Civ.R. 9(B)'s mandate to plead fraud with particularity will result in a defective claim subject to dismissal for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6). *See Bradley v. Bessick*, 9th Dist. Lorain No. 98CA007182, 2000 WL 372322, *3 (Apr. 12, 2000). Moreover, "[t]he 'particularity' requirement of Civ.R. 9(B) means that the pleading must contain allegations of fact which tend to show each and every element of a cause of action for fraud." *Sutton Funding, L.L.C. v. Herres*, 188 Ohio App.3d 686, 2010-Ohio-3645, ¶ 50 (2d Dist.). In other words, where the plaintiff fails to allege facts in support of any of the necessary elements of the claim, dismissal is appropriate.

{¶35} As this Court has recognized:

> The Ohio Supreme Court has held that a party cannot maintain an action for fraud when the fraudulent representations were not made to him to induce him to act upon them in any manner affecting his own interests. See *Wells v. Cook*, 16 Ohio St. 67 (1865), syllabus. Accordingly, a plaintiff claiming that a third party relied on a misrepresentation made by the defendant and that the plaintiff suffered injury thereby does not state a valid cause of action for fraud. See *Russell v. Northwood*, 6th Dist. Wood No. WD-97-050, 1998 WL 102137, *4 (Feb. 27, 1998).

*Sooy v. Ross Incineration Servs., Inc.*, 9th Dist. Lorain No. 98CA007031, 1999 WL 975112, *10 (Oct. 20, 1999).

{¶36} In this case, Ms. Bear alleged in her fraud claim that her brother falsely represented to the financial institutions managing their deceased parents' estate and trust that he had sole authority over the disbursement of those funds. She further alleged that the financial institutions relied on her brother's fraudulent misrepresentations and erroneously disbursed funds

to him to her detriment. As we recognized in *Sooy*, allegations that the defendant's (brother's) misrepresentations to third parties (the financial institutions) resulted in injuries to the plaintiff (Ms. Bear) do not state a valid cause of action for fraud. By failing to allege that her brother made misrepresentations to her and that she relied to her detriment on those misrepresentations, and instead alleging misrepresentations to third parties, Ms. Bear failed to allege any operative facts in support of some of the necessary elements of fraud. Although Mr. Bear premised his motion to dismiss on other grounds, Ms. Bear had notice of the motion. Moreover, on the facts of this case, because Ms. Bear could obviously not prevail on the facts alleged in her fraud claim, I believe that the trial court properly dismissed the fraud claim in this case, albeit on grounds not alleged by Mr. Bear. I would affirm the trial court's judgment.

APPEARANCES:

PAUL W. FLOWERS, Attorney at Law, for Appellant.

STEVEN R. HOBSON II and STEPHEN P. LEIBY, Attorneys at Law, for Appellee.

CHRISTOPHER P. FISHER and ELIZABETH M. HILL, Attorneys at Law, for Appellee