[Cite as *Cohen v. Dulay*, 2017-Ohio-6973.]

STATE OF OHIO       )
                      )ss:
COUNTY OF SUMMIT    )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

ROBERT L. COHEN, As Receiver for PEI
Liquidation, Inc.

      Appellant

      v.

LAWRENCE J. DULAY, et al.

      Appellees

C.A. No.      28071

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2014-01-0009

DECISION AND JOURNAL ENTRY

Dated: July 26, 2017

SCHAFER, Judge.

{¶1} Plaintiff-Appellant, Robert L. Cohen, in his capacity as the court-appointed receiver for the dissolved corporation, PEI Liquidation, Inc. ("PEI"), appeals the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of Defendants-Appellees, Lawrence J. Dulay, Thomas W. Edger, Robert Schneider, Kenneth S. Sekley, Frederick Van Reames, Craig Cox, Jeffery Rohrs, Robert Zelinski, Mary Lee Pilla, and Kevin Dow (collectively, "Defendants").[1] For the reasons set forth below, we affirm in part, reverse in part, and remand.

I.

{¶2} This appeal arises out of the corporate dissolution proceeding for PEI and the related lawsuit that followed Cohen's investigation into the causes of the company's liquidation.

---

[1] The Defendants were members of PEI's board of directors at some point between 2006 and 2010.

PEI, formerly known as Patio Enclosures, Inc., was an Ohio for-profit corporation that was incorporated in 1966 and whose principal place of business was located in Macedonia, Ohio. PEI was in the business of manufacturing, distributing, and retailing sunrooms and other related products in both the residential and commercial markets. In 1967, Defendant Schneider, the son of one of the company's co-founders, entered the business and took over his father's interest. Schneider thereafter became PEI's longtime CEO and chairman of the board of directors.

{¶3} In 1996, PEI established an employee stock ownership plan ("ESOP") with the goal of making the company entirely employee-owned by 2006. As part of the initial ESOP transaction, PEI divided its common stock into two classes, Class A and Class B. These two classes of common stock were equal in all respects except that the Class A shares had preferential dividend rights. The ESOP owned all of the outstanding Class A common shares, while Schneider controlled all of the outstanding Class B common shares. Starting in 1997, the ESOP gradually began purchasing shares of Schneider's stock until the ESOP eventually controlled 100% of the outstanding shares of PEI common stock. The final transaction occurred in 2006, when the ESOP purchased the remaining 30% of the company's common stock from Schneider for $6,494,850.00. The ESOP funded this final transaction of Schneider's remaining stock with a multi-million dollar legal judgment that PEI was awarded in 2004. *See Patio Enclosures, Inc. v. Four Seasons Marketing Corp.*, 9th Dist. Summit No. 22458, 2005-Ohio-4933. After purchasing the company's remaining stock from Schneider, PEI used the balance of the legal judgment to satisfy the debt of all of the company's secured creditors. Cohen's subsequent investigation into PEI's financials revealed that from 1996 to 2006, while the ESOP was actively purchasing Schneider's shares of common stock, PEI "consistently experienced

declining operating profitability, ultimately resulting in net operating losses of $3.9 million in 2005 and $4.3 million in 2006."

{¶4} Schneider retired as CEO of PEI in late 2006 and resigned his position as chairman of the board of directors in May 2007. However, after successive years of net operating losses, PEI's board of directors entered into negotiations with Schneider to obtain financial assistance in an effort to provide the company with access to additional working capital. In 2009, Schneider proposed a loan guaranty to increase PEI's line of credit by up to six million dollars, but only if the board agreed to certain terms and conditions. The negotiations between Schneider and the board ultimately broke down and Schneider provided no additional funding or loan guarantees to PEI.

{¶5} Due to the company's inability to secure additional working capital, coupled with the collapse of the national housing market, PEI terminated all of its employees and its business operations on December 31, 2010. On January 20, 2011, PEI's board of directors adopted a resolution of dissolution to voluntarily dissolve the corporation under Ohio law. The corporation filed its complaint for judicial administration of its dissolution and the winding up of its corporate affairs on February 22, 2011. The trial court subsequently appointed Cohen as receiver to administer PEI's estate and its dissolution case.

{¶6} On January 2, 2014, following his investigation into PEI's affairs, Cohen filed suit against Defendants in the Summit County Court of Common Pleas, pleading the following five claims against the Defendants: (1) breach of fiduciary duty; (2) aiding, abetting, inducing, or participating in breach of fiduciary duty; (3) waste; (4) deepening insolvency and wrongful prolongation of corporate existence; and (5) breach of fiduciary duty owed to creditors. On March 14, 2014, all Defendants except Schneider filed a Civ.R. 12(B)(6) motion to dismiss

Cohen's complaint for failure to state a claim upon which relief can be granted, arguing that Counts One and Five are time-barred by the applicable statute of limitations under R.C. 2305.09 and that Counts Two through Five are legally defective. On April 4, 2014, Schneider filed a Civ.R. 12(C) motion for judgment on the pleadings. The trial court denied Defendants' respective Civ.R. 12 motions. The trial court also denied Defendants' subsequent motions to reconsider the denial of their respective Civ.R. 12 motions. Defendants ultimately filed answers denying the allegations set forth in Cohen's complaint. The matter then proceeded through the discovery phase of the litigation.

{¶7} On September 10, 2015, Defendants filed motions for summary judgment. Cohen filed an omnibus brief in opposition to Defendants' motions for summary judgment, to which Defendants filed reply briefs in support of their respective summary judgment motions. On December 31, 2015, the trial court issued a judgment entry granting summary judgment in favor of Defendants. In so doing, the trial court specifically determined that Count One and Count Five contained within Cohen's complaint were time-barred by the statute of limitations set forth in R.C. 2305.09. The trial court also concluded that Count Two, Count Three, and Count Four contained in Cohen's complaint are not cognizable causes of action under Ohio Law.

{¶8} Cohen filed this timely appeal and raises one assignment of error for our review.

## II.

### Assignment of Error

**The trial court erred in granting summary judgment in favor of the Board Members by (a) finding that there was no genuine issue of material fact and (b), after viewing the evidence most strongly in favor of the Receiver, concluding that the Board Members were entitled to judgment as a matter of law on the grounds that: (i) the Receiver's claims for breach of fiduciary duty are subject to the four (4) year statute of limitations set forth in R.C. [] 2305.09 and are not subject to the discovery rule; and (ii) the Receiver's claims for aiding and abetting breaches of fiduciary duty, waste and**

**deepening insolvency (collectively, the "Additional Claims") are not cognizable causes of action under Ohio law.**

{¶9} In his sole assignment of error, Cohen argues that the trial court erred by granting summary judgment completely in favor of the Defendants.

## A. Standard of Review

{¶10} We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105 (1996). Summary judgment is only appropriate where (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. Civ.R. 56(C). Before making such a contrary finding, however, a court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992).

{¶11} Summary judgment consists of a burden-shifting framework. To prevail on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt,* 75 Ohio St.3d 280, 293 (1996). Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 449 (1996).

**B. Breach of Fiduciary Duty Claims**

{¶12} Cohen asserts that the trial court erred by granting summary judgment in favor of the Defendants on the basis that his claims for breach of fiduciary duty and breach of fiduciary duty owed to creditors (Counts One and Five, respectively) are time-barred by the statute of limitations contained in R.C. 2305.09. Specifically, Cohen contends that since his breach of fiduciary duty claims are premised on allegations of fraud, the trial court erred by determining that the statute of limitations was not subject to "the discovery rule." In the alternative, Cohen argues that even if R.C. 2305.09's statute of limitations does apply to his breach of fiduciary duty claims, his claims are still not time-barred because the doctrines of equitable tolling and adverse domination apply.

{¶13} Neither party disputes that the four-year statute of limitations contained in R.C. 2305.09 governs Cohen's breach of fiduciary duty claims. *See Caghan v. Caghan*, 5th Dist. Stark No. 2014 CA 00094, 2015-Ohio-1787, ¶ 45-46 ("The statute of limitations for both a fraud action or a breach of fiduciary duty action is four years as set forth in R.C. []2305.09. * * * R.C. []2305.09(D) determines the statute of limitations for claims for breach of fiduciary duty."); *see also Cundall v. U.S. Bank*, 122 Ohio St.3d 188, 2009-Ohio-2523, ¶ 24 ("Claims for fraud and breach of fiduciary duty based on fraud are governed by the four-year statute of limitations set forth in R.C. 2305.09, unless the claim is not discovered despite reasonable diligence."). Therefore, the issues raised in this portion of Cohen's argument are two-fold: (1) when did the four-year statute of limitations begin to accrue? and (2) did Cohen timely file his claims?

{¶14} Cohen asserts that since his breach of fiduciary duty claims are based on alleged fraudulent conduct committed by the Defendants, that the "discovery rule" is applicable to his breach of fiduciary duty claims. "The 'discovery rule' generally provides that a cause of action

accrues for purposes of the governing statute of limitations at the time when the plaintiff discovers or, in the exercise of reasonable care, should have discovered the complained of injury." *Investors REIT One v. Jacobs*, 46 Ohio St.3d 176, 179 (1989), citing *Oliver v. Kaiser Community Health Found.*, 5 Ohio St.3d 111 (1983). Defendants, on the other hand, disagree and argue that the trial court correctly concluded that Cohen's breach of fiduciary duty claims did not properly plead claims for fraud and, as such, are not subject to the discovery rule. Accordingly, Defendants argue that the statute of limitations accrued when the alleged acts or omissions constituting the breach of fiduciary duties actually occurred. The resolution of this purely legal question necessarily dictates whether Cohen's claims are time-barred by R.C. 2305.09's four-year statute of limitation.

{¶15} "In determining the proper statute of limitations for a cause of action, the court must review the complaint to determine the essential character of the claim: '[I]n determining which limitation period will apply, courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. The grounds for bringing the action are the determinative factors, the form is immaterial.'" *Caghan* at ¶ 43, quoting *Love v. Port Clinton*, 37 Ohio St.3d 98, 99 (1988); *see also Doe v. First United Methodist Church*, 68 Ohio St.3d 531 (1994). "[W]hen pleading fraud * * *, the circumstances constituting fraud * * * shall be pleaded with particularity." *Bear v. Bear*, 9th Dist. Summit No. 26810, 2014–Ohio–2919, ¶ 23, citing Civ.R. 9(B).

{¶16} In the present case, Cohen's complaint contains the following five counts: (1) breach of fiduciary duty; (2) aiding, abetting, inducing, or participating in breach of fiduciary duty; (3) waste; (4) deepening insolvency and wrongful prolongation of corporate existence; and (5) breach of fiduciary duty owed to creditors. Relevant to this portion of Cohen's argument, the

trial court explicitly determined that counts 1 (breach of fiduciary duty) and 5 (breach of fiduciary duty owed to creditors) are not subject to the discovery rule.

**{¶17}** After a careful review of Cohen's complaint, we agree that Cohen failed to plead a cause of action for fraud with particularity as required by Civ.R. 9(B). Crucial to this determination is the fact that, upon thorough review of Cohen's 105-paragraph complaint, this Court simply cannot discern which of the Defendants' acts or omissions Cohen is alleging to be fraudulent. Additionally, although Cohen utilized headings within his complaint for each claim, Cohen failed to caption his breach of fiduciary duty claims with a heading indicating that those claims were based on fraudulent conduct. Lastly, although Cohen's complaint does assert that the Defendants' conduct constituting breaches of fiduciary duties "were either knowing, willful, intentional or fraudulent, or were grossly negligent, reckless or in bad faith, and without justification or excuse," we conclude that this sort of "catch-all" language fails to meet the heightened pleading requirements that Civ.R. 9(B) mandates. Accordingly, we determine that Cohen has failed to properly plead a cause of action for fraud in this matter. Thus, we conclude that the trial court did not err by determining that the discovery rule was inapplicable to Cohen's breach of fiduciary duty claims.

**{¶18}** However, our determination that the discovery rule does not apply to Cohen's breach of fiduciary duty claims does not end our analysis. Cohen argues on appeal that the trial court's decision that his claims are time-barred by the statute of limitations contained in R.C. 2305.09 violates the law of the case doctrine where the trial court previously rejected this exact argument in its denial of Defendants' respective Civ.R. 12 motions and in its denial of the subsequent motion for reconsideration.

{¶19} The law of the case doctrine provides that "the decision of a *reviewing court* in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." (Emphasis added.) *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). "[T]he law of the case doctrine does not mean that a trial court may not reconsider its prior rulings." *Creauro v. Duko*, 7th Dist. Columbiana No. 04 CO 1, 2005-Ohio-1342, ¶ 25, citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 380, fn. 1 (1981) and *Poluse v. Youngstown*, 135 Ohio App.3d 720, 725 (7th Dist.1999). Indeed, Civ.R. 54(B) explicitly states that any order which is not a final appealable order "is subject to revision at any time before the entry of judgment adjudicating all the claims and the right and liabilities of all the parties." Accordingly, because the trial court's denial of the Defendants' respective Civ.R. 12 motions and subsequent motion for reconsideration were not final appealable orders, *see Sumskis v. Medina Cty. Bd. of Mental Retardation and Dev.*, 9th Dist. Medina Nos. 2886-M, 2887-M, 2000 WL 141078, *1 (Feb. 2, 2000), we determine that the trial court did not err by later revising its decision and concluding that Cohen's breach of fiduciary duty claims were time-barred. *See Creauro* at ¶ 26-28 (holding that the law of the case doctrine did not apply to appellees' motion for summary judgment since: (1) a motion to dismiss for failure to state a claim upon which relief can be granted and a motion for summary judgment involve different legal standards, and (2) the denial of a motion to dismiss is an interlocutory order). Accordingly, Cohen's argument on this point is without merit.

{¶20} Cohen also alleges on appeal that he is entitled to an equitable accounting "on account of the Board Members' breach of their fiduciary duty beginning in 2006 and continuing through 2009 up to the date of their resignation." Cohen contends that he is not time-barred from seeking an equitable accounting since R.C. 2305.14 "establishes a ten-year statute of limitations

for equitable claims." We note, however, that Cohen failed to raise this argument in his omnibus brief in opposition to the Defendants' summary judgment motions. Accordingly, we decline to address this argument. *See Roberts v. Reyes,* 9th Dist. Lorain No. 10CA009821, 2011-Ohio-2608, ¶ 9 ("Although this Court conducts a *de novo* review of summary judgment, it is nonetheless a *review* that is confined to the trial court record. The parties are not given a second chance to raise arguments that they should have raised below."), quoting *Owens v. French Village Co.*, 9th Dist. Wayne No. 98CA0038, 1999 WL 635722, *1 (Aug. 18, 1999).

{¶21} Cohen further alleged in his omnibus brief in opposition to Defendants' respective motions for summary judgment that even if R.C. 2305.09's statute of limitations does apply to his breach of fiduciary duty claims, his claims are still not time-barred because various "equitable tolling principles" and the doctrine of adverse domination apply. After a comprehensive review of the record, we note that the trial court did not explicitly rule upon the various doctrines raised in Cohen's opposition brief. Due to our role as a reviewing court, we cannot make a determination regarding the merits of an argument in the first instance. *Catalanotto v. Byrd*, 9th Dist. Summit No. 27824, 2016-Ohio-2815, ¶ 12. Rather, we must reverse the trial court's grant of summary judgment in favor of the Defendants. As such, we remand this matter for the trial court to address in the first instance the merits of the various tolling arguments that are raised in Cohen's omnibus brief in opposition to Defendants' motions for summary judgment. This Court takes no position on the merits of these arguments at this time.

{¶22} Lastly, Cohen argues that the Defendants breached their fiduciary duties by failing to take remedial action. Specifically, Cohen argued in his omnibus brief in opposition that "as PEI underwent its inevitable resulting failure, all Defendants continued in their failure to

take subsequent corrective action with respect to the foregoing, resulting in a secured party foreclosure in January 2011[.]" Cohen contends that this portion of his breach of fiduciary duty claims is not barred by the statute of limitations, even without applying tolling principles. However, we again note that the trial court did not address this specific argument below. Accordingly, we also instruct the trial court to consider the merits of this argument in the first instance on remand. *See id.* Like Cohen's equitable tolling arguments, we take no position on the merits of this argument at this time.

## C. Remaining Claims

{¶23} Additionally, Cohen argues that the trial court erred by granting summary judgment in favor of the Defendants on the basis that his remaining claims ("aiding, abetting, inducing, or participating in breaches of fiduciary duties," "waste," and "deepening insolvency and wrongful prolongation of corporate existence") are not cognizable causes of action under Ohio law. We disagree.

{¶24} "In determining which statute of limitations should be applied to a particular cause of action, * * * 'courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. The grounds for bringing the action are the determinative factors[;] the form is immaterial.'" *Bear*, 9th Dist. Summit No. 26810, 2014-Ohio-2919, at ¶ 18, quoting *Lawyers Cooperative Publishing Co. v. Muething*, 65 Ohio St.3d 273, 277-278 (1992), quoting *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183 (1984).

{¶25} Our review of Cohen's remaining claims reveals that they are based upon the 2006 stock transaction and the Defendants' failure to secure a loan guaranty from Schneider in 2009. Cohen alleges that these two events constituted corporate waste, deepened PEI's insolvency, wrongfully prolonged PEI's corporate existence, and aided, abetted, induced, or

participated in a breach of fiduciary duty and other misconduct. Although the respective headings utilized in Cohen's complaint on these claims are not independent causes of action under Ohio law, the nature of the waste and deepening insolvency claims, if true, may still constitute a breach of fiduciary duty. *See In re Gas Natural, Inc.*, N.D. Ohio No. 1:13 CV 02805, 2015 WL 3557207, fn. 12 (June 4, 2015) ("Under Ohio law, corporate waste is a way in which a corporate director's fiduciary duty can be breached, not a separate cause of action independent of a fiduciary breach."), citing *In re Keithley Instruments, Inc.*, 599 F.Supp.2d 875, 903 (N.D. Ohio 2008); *see also In re National Century Financial Enterprises, Inc.*, 604 F.Supp.2d 1128, 1153 (S.D. Ohio 2009), citing *In re Amcast Indus. Corp.*, 365 B.R. 91, 115-117 (S.D. Ohio 2007) (recognizing that deepening insolvency is not an independent tort under Ohio law since it is "duplicative of a claim for breach of fiduciary duty.").

{¶26} However, as noted earlier in this opinion, Cohen clearly pled causes of action for breach of fiduciary duty stemming from the 2006 stock transaction and the Defendants' failure to secure a loan guaranty from Schneider in 2009. As such, due to the redundancy of Cohen's waste and deepening insolvency claims, we cannot say that it was improper for the trial court to dismiss those causes of action. *See In re Amcast* at 118 (dismissing plaintiff's redundant claim for deepening insolvency after determining that the claim was identical to the breach of fiduciary duty claim); *see also Cook Family Invests. v. Billings*, 9th Dist. Lorain Nos. 05CA008689, 05CA008691, 2006–Ohio–764, ¶ 19 ("[A]n appellate court shall affirm a trial court's judgment that is legally correct on other grounds, that is, one that achieves the right result for the wrong reason, because such an error is not prejudicial.").

{¶27} Lastly, with respect to Cohen's aiding, abetting, inducing or participating in breaches of fiduciary duties claim, we conclude that such a cause of action is not cognizable

under Ohio law. *See Sacksteder v. Senney*, 2d Dist. Montgomery No. 24993, 2012-Ohio-4452, ¶ 73-76 (holding that Ohio courts have not recognized a cause of action for participation in a breach of fiduciary duty), citing *DeVries Dairy, L.L.C. v. White Eagle Coop. Assn., Inc.*, 132 Ohio St.3d 516, 2012-Ohio-3828, ¶ 2 (holding that Ohio has never recognized a cause of action for tortious acts in concert under 4 Restatement (2d) of Torts, § 876 (1979)). Accordingly, we determine that the trial court did not err by dismissing Cohen's claim for aiding, abetting, inducing or participating in breaches of fiduciary duties.

{¶28} Cohen's assignment of error is sustained to the extent that the trial court erred by granting summary judgment in favor of the Defendants without first addressing Cohen's tolling arguments. The remainder of Cohen's assignment of error is overruled.

## III.

{¶29} Cohen's sole assignment of error is sustained in part and overruled in part. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the matter is remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, P. J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶30} Cohen has argued on appeal that the trial court erred in granting summary judgment to the Defendants because the discovery rule in R.C. 2305.09 applies to counts one and five of his complaint for breach of fiduciary duty based upon fraud. *See Cundall v. U.S. Bank*, 122 Ohio St.3d 188, 2009-Ohio-2523, ¶ 24. Thus, he asserts that his litigation of those claims is not barred by the statute of limitations.

{¶31} The relevant portion of R.C. 2305.09 provides that, "[i]f the action is for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; *nor, if it is for fraud, until the fraud is discovered.*" (Emphasis added.) The trial court concluded that the discovery rule did not apply to counts one and five because Cohen failed to comply with Civ.R. 9(B) as he did not plead fraud with particularity. Cohen has argued that he demonstrated that "the Board Members committed fraud and thereby breached their duty[]" and that he complied with the requirements

of Civ.R. 9(B). Cohen has not argued that the requirements of Civ.R. 9(B) do not apply to his claims and accordingly that issue is not before the Court. Assuming without deciding that the requirements of Civ.R. 9(B) do apply to these claims, the trial court did not err in concluding that he failed to satisfy those requirements.

{¶32} To the extent Cohen has argued that his claims include allegations that Board Members failed to take remedial action with respect to the 2006 transaction, and thus, that a portion of those claims would not be barred even absent application of the discovery rule, he did not make that specific argument below. While he did mention in his briefing below that certain Board Members failed to take remedial action, he did not reference that action in terms of how it would affect the statute of limitations. Therefore, I would not address that argument on appeal. *See Copen v. CRW, Inc.*, 9th Dist. Wayne No. 15AP0034, 2017-Ohio-349, ¶ 20.

{¶33} As to Cohen's remaining claims, I agree that aiding, abetting, inducing, or participating in breach of fiduciary duty is not a recognized cause of action in Ohio. *See DeVries Dairy, L.L.C., v. White Eagle Coop. Assn., Inc.*, 132 Ohio St.3d 516, 2012-Ohio-3828. As to the claims for waste and deepening insolvency/wrongful prolongation of corporate existence, I would conclude that the trial court's statement that they were not cognizable under Ohio law is insufficient to allow this Court to properly review the issue. It is unclear if the trial court examined the allegations and determined that the substance of those two claims was not cognizable irrespective of how they were characterized, or if the trial court simply concluded that, as labeled, the causes of action were not cognizable and failed to consider whether the substance of the allegations was sufficient to state cognizable causes of action. In other words, did the trial court find the causes of action were not sufficiently pled or that Ohio does not recognize these causes of action under any set of facts. Further, the trial court offered no

analysis as to why Ohio should not recognize the causes of action as labeled. Accordingly, I would remand the issue to the trial court for it to clarify its decision. *See Hunt v. Alderman*, 9th Dist. Summit No. 27416, 2015-Ohio-4667, ¶ 19.

APPEARANCES:

JEFFREY M. LEVINSON, Attorney at Law, for Appellant.

RANDY J. HART, Attorney at Law, for Appellant.

RONALD S. KOPP, Attorney at Law, for Appellee.

ORVILLE L. REED, Attorney at Law, for Appellee.

MARVIN SICHERMAN, Attorney at Law, for Appellee.

F. DANIEL BALMERT, DAVID J. TOCCO, and HYUN YOON, Attorneys at Law, for Appellees.