**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIBERTY CITY MOVIE, LLC, a Florida limited liability company; CUTTING EDGE STEREOSCOPE MOTION PICTURES, LLC, a Louisiana limited liability company, | No.   19-55965 |
| | D.C. No. 2:19-cv-02582-DDP-SS |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM[*] |
| U.S. BANK, N.A., a National Banking Association, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted July 8, 2020
Pasadena, California

Before:  BALDOCK,[**] BERZON, and COLLINS, Circuit Judges.

Plaintiffs–Appellants Liberty City Movie, LLC and Cutting Edge

Stereoscope Motion Pictures, LLC appeal from the district court's dismissal of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Bobby R. Baldock, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

their complaint against Defendant–Appellee U.S. Bank National Association arising from Defendant's handling of an escrow account way back in 2012. The district court dismissed Plaintiffs' claims with prejudice. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

1. We review de novo the district court's decision to grant a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Winter ex rel. United States v. Gardens Reg'l Hosp. & Med. Ctr., Inc.*, 953 F.3d 1108, 1116 (9th Cir. 2020). "In reviewing the dismissal of a complaint, we inquire whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Id.* (quoting *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011)). And in so doing, we "accept as true all well-pleaded factual allegations" and "construe all factual inferences in the light most favorable to the plaintiff." *Parents for Privacy v. Barr*, 949 F.3d 1210, 1221 (9th Cir. 2020).

2. Plaintiffs' claims for aiding and abetting a breach of fiduciary duty and conversion are barred by the applicable statutes of limitations. Plaintiffs do not dispute that all three of their claims—(1) conspiracy; (2) aiding and abetting a breach of fiduciary duty; and (3) conversion—are time-barred under California law. *See Am. Master Lease LLC v. Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451, 1478–79 (2014) (explaining statute of limitations for aiding and abetting a breach

of fiduciary duty is "three years or four years, depending on whether the breach is fraudulent or nonfraudulent," *id.* at 1479); *Coy v. County of Los Angeles*, 235 Cal. App. 3d 1077, 1087 (1991) (noting that conversion claims are governed by a three-year statute of limitations); *Maheu v. CBS, Inc.*, 201 Cal. App. 3d 662, 673 (1988) ("In an action based on civil conspiracy, the applicable statute of limitations is determined by the nature of the action in which the conspiracy is alleged."). Nor do Plaintiffs dispute that their conversion and aiding-and-abetting claims, which they did not allege in the prior Ohio action, would have been time-barred or unmaintainable if asserted there. *See Cohen v. Dulay*, 94 N.E.3d 1167, 1176 (Ohio Ct. App. 2017) (holding that aiding and abetting a breach of fiduciary duty is not a cognizable claim under Ohio law); *Thomas v. City of Columbus*, 528 N.E.2d 1274, 1276 (Ohio Ct. App. 1987) (noting that a four-year statute of limitations applies to conversion claims).

Based on the condition to an Ohio state court's earlier *forum non conveniens* dismissal, however, Plaintiffs argue that Defendant waived "any" statute of limitations defenses to "any action" they subsequently filed in the Central District of California based on the same nucleus of operative facts. And that waiver, Plaintiffs contend, bars Defendant from raising the statutes of limitations as a defense to all of Plaintiffs' claims in this case. Not so.

As an initial matter, the plain language of the Ohio court's final judgment of

dismissal belies Plaintiffs' argument. *See United States v. Pollock*, 726 F.2d 1456, 1461 (9th Cir. 1984) (interpreting a trial court's order according to its plain meaning). The Ohio judgment does not contain the word "any"; rather, it provides that "Defendant agrees to waive application of *the statutes* of limitations as a defense if Plaintiffs re-file *this* action in the Central District of California." (emphasis added). Had the Ohio court intended Defendant's waiver to apply to any conceivable new cause of action Plaintiffs might subsequently assert in California, it would have said so. It did not.[1]

We are not persuaded by Plaintiffs' argument that, based on the inclusion of the word "action" in the Ohio court's judgment, Defendant's waiver applies to any previously unasserted claim arising out of a common nucleus of operative facts. Under Ohio law, the common-nucleus-of-operative-fact test is relevant when determining whether two actions involve the same claim or cause of action for purposes of applying claim preclusion in the subsequent action. *See Grava v. Parkman Township*, 653 N.E.2d 226, 229 (Ohio 1995). Moreover, *Sherman v. Air*

---

[1] Plaintiffs' reliance on the Ohio court's December 10, 2018 decision, in which the court granted Defendant's motion to dismiss based on *forum non conveniens*, is misplaced. The Ohio court's reasoning and the caselaw cited in that decision further demonstrate the court did not contemplate that Defendant's waiver would apply to previously unalleged claims that would have been barred at the time Plaintiffs filed their Ohio complaint. *See Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 611, 615–16 (6th Cir. 1984) (imposing conditional waiver of the statute of limitations for any claims not time-barred when they were first filed).

*Reduction Sales Co.*, 251 F.2d 543 (6th Cir. 1958), and its progeny indicate that Ohio courts have "adopted a very liberal view of what constitutes 'an action' or a 'cause of action'" for purposes of Ohio's savings statute.[2] *Id.* at 545; *see Kerr v. Hurd*, 694 F. Supp. 2d 817, 837 (S.D. Ohio 2010). But Plaintiffs cite no case, and we have found none, suggesting we should apply a broad nucleus-of-operative-fact standard to a *forum non conveniens* condition simply because the condition includes the term "action."

Nor can we conclude such an expansive reading of Defendant's waiver is reasonable given the context and purpose of the condition of dismissal. The Ohio court imposed the waiver condition to ensure Plaintiffs had a forum in which to bring their breach of contract and conspiracy claims, which would have otherwise been time-barred under California law. *See Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1235 (9th Cir. 2011) (explaining that the proposed

---

[2] The Ohio savings statute provides:

> In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant.

Ohio Rev. Code Ann. § 2305.19(A) (West 2020).

5                                                                    19-55965

alternative forum is typically inadequate, absent a waiver, if a statute of limitations bars a plaintiff from refiling its claim in the alternative forum); *Stidham v. Butsch*, 837 N.E.2d 433, 437 (Ohio Ct. App. 2005) (noting that conditions on dismissal based on *forum non conveniens* are imposed to ensure the plaintiff has a forum in which to bring his claims).  On the record before us, however, neither the Ohio court nor the parties contemplated that Defendant's waiver would apply to previously unalleged tort claims that would have been unsustainable in Ohio, such as Plaintiffs' conversion and aiding-and-abetting claims.  *See Cohen*, 94 N.E.3d at 1176; *Thomas*, 528 N.E.2d at 1276.

In sum, no basis exists to conclude Defendant waived its statute of limitations defense with respect to Plaintiffs' previously unasserted claims for conversion and aiding and abetting a breach of fiduciary duty.  The district court therefore correctly dismissed those claims as time-barred.  We need not address the more difficult question of whether Defendant's waiver in the Ohio proceeding applies to Plaintiffs' unlawful conspiracy claim in the instant action because, as we explain below, that claim fails on the merits.

3. Plaintiffs' complaint fails to state a plausible claim for civil conspiracy. Under California law, "there is no separate and distinct tort cause of action for civil conspiracy."[3]  *Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d

---

[3] Plaintiffs do not dispute that California law governs their claims.

1211, 1228 (9th Cir. 1997) (citing *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 514 (1994)). In other words, "a civil conspiracy does not give rise to a cause of action unless an independent civil wrong has been committed." *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1062 (2006).

As the district court aptly noted, Plaintiffs' complaint "does not specifically allege the tort predicate for the conspiracy claim." *Liberty City Movie, LLC v. U.S. Bank Nat'l Ass'n*, No. CV-19-02582, 2019 WL 3500330, at *4 (C.D. Cal. Aug. 1, 2019). And as we have previously concluded, neither Plaintiffs' conversion claim nor their aiding-and-abetting claim is actionable because both are time-barred. Because Plaintiffs have failed to adequately plead any underlying tort, their "civil conspiracy claim also must fail." *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 208 (9th Cir. 1991) (applying California law to conclude that a conspiracy claim failed because the statute of limitations barred the underlying cause of action for fraud); *see also The Kind & Compassionate v. City of Long Beach*, 2 Cal. App. 5th 116, 130 (2016) ("Because, as we have seen, the complaint does not sufficiently allege any tort claims, the cause of action for civil conspiracy cannot stand."). Although the district court did not rely upon this ground in dismissing Plaintiffs' complaint, the record supports our decision to affirm on this basis.[4] *Thompson v.*

---

[4] Because we affirm the district court's judgment dismissing Plaintiffs' complaint for the reasons stated above, we need not reach the parties' arguments regarding

*Paul*, 547 F.3d 1055, 1058–59 (9th Cir. 2008).

**AFFIRMED.**

the application of claim preclusion and issue preclusion.  Plaintiffs' motion for judicial notice [DE 24] is therefore denied as moot.