[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 189.]

THE STATE EX REL. JOHNSON, APPELLANT, *v.* CLEVELAND HEIGHTS/UNIVERSITY HEIGHTS SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE.

[Cite as *State ex rel. Johnson v. Cleveland Hts./Univ. Hts. School Dist. Bd. of Edn.*, 1995-Ohio-17.]

*Schools—Mandamus to compel school board to grant salary credits for law school courses—Grievance and arbitration procedure of collective bargaining agreement constitutes adequate remedy at law, when.*

(No. 95-314—Submitted June 21, 1995—Decided August 16, 1995.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 65634.

_____

{¶ 1} In 1982, appellant, Jocelyn L. Johnson, was hired as an elementary school teacher specializing in reading instruction by appellee, Cleveland Heights/University Heights School District Board of Education ("board"). At the time she was employed by the board, Johnson had a master's degree in education and six years of teaching service credits. Johnson has continued to teach as an elementary reading instruction specialist.

{¶ 2} In 1987, Johnson entered law school and received a juris doctor degree in 1993. Commencing in 1989, in order to reflect her law credits, Johnson requested that her salary be increased under the teachers' salary schedules adopted by the board and contained in the pertinent collective bargaining agreements between the board and Johnson's union. For example, the collective bargaining agreement that became effective on January 1, 1992 includes salary schedules for teachers and provides increases in salaries based on increments in years of service and academic training. During and after the time Johnson attended law school, beginning with the 1989 school year, Johnson has been compensated at the level

associated with fourteen years of service and the "MA20" academic training level (master's degree plus twenty hours).

{¶ 3} Section 21.033 of the 1992 collective bargaining agreement allows teachers to take and receive salary credits for courses beyond a master's degree if, among other requirements, "upon evaluation and prior approval by the Superintendent, [the courses] are within the individual's related teaching assignment or contribute to the improvement of the professional efficiency of the total job of public school teaching."  Johnson has conceded that her claim for salary credits related to her law school credits and juris doctor degree is premised on Section 21.033, and contends that she received approval in 1987 from then-Superintendent Irving Moskowitz.  However, Moskowitz did not specifically recall approving salary schedule credit for Johnson's law school courses.

{¶ 4} By letter dated September 8, 1993, the board rejected Johnson's latest request for a salary adjustment based on her Juris Doctor degree.  The board's decision cited Section 21.0 (which includes Section 21.033) of the collective bargaining agreement.  On September 13, 1993, Johnson initiated  a formal grievance concerning the matter, contending that the board had misinterpreted Section 21.0 of the collective bargaining agreement in denying her request for salary credits.  The grievance was filed pursuant to the collective bargaining agreement's four-step formal grievance procedure, which provides for binding arbitration as the final step.  Under this procedure, a "grievance" is broadly defined as "a claim by an individual teacher in which the dispute, disagreement or difference concerns *** interpretation of application of [any] provision of the [collective bargaining] [a]greement or of recognized work rules or practices."

{¶ 5} On September 21, 1993, the union withdrew the grievance concerning the board's denial of increased salary for Johnson's law school credits and juris doctor degree "[a]t [her] request."

**{¶ 6}** Johnson subsequently filed a complaint in the Court of Appeals for Cuyahoga County seeking a writ of mandamus to compel the board to place her on the appropriate step of the teachers' salary schedule and to pay her over $16,000 in back wages. The parties filed motions for summary judgment and supporting evidence. The court of appeals granted the board's motion for summary judgment and denied the writ.

**{¶ 7}** The cause is now before this court upon an appeal as of right.

———————————

*Jocelyn L. Johnson*, *pro se*.

*Squire, Sanders & Dempsey*, *David J. Millstone* and *Loren L. Braverman*, for appellee.

———————————

**Per Curiam.**

**{¶ 8}** Johnson's principal contentions are that the court of appeals erred in determining that her employment rights were governed by the collective bargaining agreement and that the agreement's grievance procedure constituted an adequate remedy at law.

**{¶ 9}** In order to be entitled to a writ of mandamus, Johnson has to establish (1) a clear legal right to salary credits for her law school courses, (2) a corresponding legal duty on the part of the board to grant her request for increased compensation and back pay, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 218-219, 631 N.E.2d 150, 152.

**{¶ 10}** The court of appeals denied Johnson's request for extraordinary relief in mandamus for several reasons, but primarily because it found the collective bargaining agreement's grievance procedure culminating in binding arbitration was an adequate remedy at law. A writ of mandamus will not be issued when there is a plain and adequate remedy in the ordinary course of the law. R.C. 2731.05. In

order for an alternate remedy to be considered adequate, the remedy must be complete, beneficial, and speedy. *State ex rel. Horwitz v. Cuyahoga Cty. Court of Common Pleas, Probate Div.* (1992), 65 Ohio St.3d 323, 328, 603 N.E.2d 1005, 1009.

{¶ 11} Johnson claims that she is entitled to salary credits pursuant to R.C. 3317.13 and 3317.14 and that those statutes prevail over the conflicting provisions of the collective bargaining agreement. R.C. 3317.14 requires only that the board "adopt a teachers' salary schedule with provision for increments based upon training and years of service," and R.C. 3317.13(C) sets forth a minimum salary schedule. The teachers' salary schedule adopted by the board, via the collective bargaining agreement, comports with R.C. 3317.13 and 3317.14. However, under R.C. 3317.13(C), Johnson would be entitled to a minimum salary of $27,591, whereas she was actually receiving a salary of $51,600, as of November 24, 1993, *i.e.*, during the proceedings in the court of appeals.

{¶ 12} There is no conflict between the teachers' salary schedules adopted by the board and the salary schedules set forth in the collective bargaining agreement. The schedules were incorporated in the agreement at the time of the agreement's adoption. However, as noted by the court of appeals, "[a]lthough the bargained for agreement may satisfy the mandates of R.C. 3317.13 and [3317].14, the courts should not isolate the [salary] schedule [of the agreement] from that which created it." In addition, Johnson has conceded that her entitlement to be placed on an increased salary level is based upon Section 21.033 of the collective bargaining agreement. Thus, it would be incongruous to permit Johnson, a member of the collective bargaining unit, to obtain the benefits of the collective bargaining agreement (the higher salary limits) without accepting the accompanying burdens (the course-content limitations). Cf. *State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn.* (1994), 71 Ohio St.3d 26, 32-33, 641 N.E.2d 188, 194-195 (tutors had clear legal right to amount paid via teachers' salary schedules adopted under

R.C. 3317.14 despite collective bargaining agreement limitations because tutors were not members of the bargaining unit).

{¶ 13} Further, assuming, *arguendo*, that the collective bargaining agreement conflicts with R.C. 3317.13 and 3317.14, the agreement's requirements concerning salary schedule increments relating to courses beyond a master's degree are controlling. R.C. 4117.10(A). Johnson's claims that the collective bargaining agreement does not apply because R.C. 3317.13 and 3317.14 constitute "minimum educational requirements" which are excepted from R.C. 4117.10(A)'s rule that the agreement prevails are without merit. See *State ex rel. Rollins v. Cleveland Hts.-Univ. Hts. Bd. of Edn.* (1988), 40 Ohio St.3d 123, 126, 532 N.E.2d 1289, 1292-1293 ("the words 'minimum educational requirement' *** indicate an intent by the General Assembly to designate laws which *directly affect* the quality or quantity of instruction received by students and which mandate essential conditions related to such instruction. Examples include: the required curriculum (R.C. 3313.60[A]), the requirements for promotion from one grade to another (R.C. 3313.60), and the minimum number of days in a school year (R.C. 3313.48)." (Emphasis *sic* and footnotes omitted.)

{¶ 14} Based on the foregoing, Johnson could have pursued her grievance concerning the disputed interpretation of Section 21.033 of the collective bargaining agreement through the agreement's grievance and arbitration procedure. Instead, she withdrew the grievance and sought extraordinary relief in mandamus. The grievance and arbitration procedure was complete, beneficial, and speedy as to Johnson's claim for increased salary and back pay. See *Chavis*, *supra*, 71 Ohio St.3d at 34, 641 N.E.2d at 196 (denial of writ of mandamus appropriate as to teachers' claims for credits for years of service as tutors because collective bargaining agreements' grievance and arbitration procedure constituted adequate remedy at law).

5

**{¶ 15}** Johnson cites *Tapo v. Columbus Bd. of Edn.* (1987), 31 Ohio St.3d 105, 31 OBR 268, 509 N.E.2d 419, in support of her proposition that the collective bargaining agreement's grievance and arbitration procedure did not constitute an adequate legal remedy. However, *Tapo*'s syllabus was limited:

"A teacher seeking back pay from a school board, as a result of the board's erroneously placing her on its salary schedule, is not required to follow the grievance-arbitration procedure of a collective bargaining agreement *where the board stipulates that the teacher was qualified for placement in the higher paying category on the salary schedule during the time in question* and that the master agreement contains no provision as to the question of retroactivity or statute of limitations relative to correcting an erroneous placement on the salary schedule." (Emphasis added.)

**{¶ 16}** In *Tapo*, the teachers' failure to pursue a claim of erroneous placement on the salary schedule through the collective bargaining agreement's grievance and arbitration procedure did not preclude a writ of mandamus because there was no "grievance" that could be filed. Baker & Carey, Handbook of Ohio School Law (1994-1995) 343, 346, Section 7.44. Conversely, Johnson's claim was subject to the collective bargaining agreement's grievance and arbitration procedure. There was no stipulation by the board here that Johnson was entitled to the requested salary credits and back pay. *Tapo* is thus inapposite. See, also, *Mayfield Hts. Fire Fighters Assn., Local 1500, I.A.F.F. v. DeJohn* (1993), 87 Ohio App.3d 358, 369-370, 622 N.E.2d 380, 388.

**{¶ 17}** Therefore, the court of appeals properly granted the board's motion for summary judgment and denied Johnson's claim for a writ of mandamus because she possessed an adequate remedy in the ordinary course of law via the grievance and arbitration procedure of the collective bargaining agreement. The fact that this procedure may no longer be available to Johnson due to the time limits specified in the agreement is of no consequence. See *State ex rel. Nichols v. Cuyahoga Cty. Bd.*

*of Mental Retardation & Dev. Disabilities* (1995), 72 Ohio St.3d 205, 209, 648 N.E.2d 823, 826-827.  The remaining issues raised by Johnson, including her fourth proposition, are moot.

{¶ 18} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————

**DOUGLAS, J., concurring.**

{¶ 19} While I concur in the opinion and judgment of the majority, I write separately to object to our using the word "binding" in connection with the word "arbitration."  "Arbitration" contemplates an unappealable decision (except on limited statutory grounds) by an independent neutral arbiter whose decision is final—and thus "binding."  Thus, "binding arbitration" is a redundancy, and by its use signifies that there is some procedure which is known as "nonbinding arbitration"—which, of course, there is not.  See *Schaefer v. Allstate Ins. Co.* (1992), 63 Ohio St.3d 708, 711, 590 N.E.2d 1242, 1245.

———————————