[Cite as *Fisher v. Smith & Lehrer Co., L.P.A.*, 2024-Ohio-1177.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Jackie J. Fisher, Administrator, etc.          Court of Appeals No.  E-23-029

    Appellant          Trial Court No.  2022 CV 0517

v.

Smith & Lehrer Co., L.P.A., et al.          **DECISION AND JUDGMENT**

    Appellee          Decided:  March 28, 2024

* * * * *

Mark A. Stuckey, for appellant.

Adam S. Nightingale, and Nicholas W. Bartlett, for appellee.

* * * * *

**MAYLE, J.**

{¶ 1} In this accelerated appeal, plaintiff-appellant, Jackie J. Fisher, Administrator of the Estate and Guardian of the Person of Ralph Mark Fisher, Deceased, appeals the April 25, 2023 judgment of the Erie County Court of Common Pleas, dismissing her complaint against defendants-appellees, Smith & Lehrer Co., LPA and attorney William H. Smith, Jr.  For the following reasons, we affirm the trial court judgment.

## I.  Background

{¶ 2} Ralph Mark Fisher ("Mark") was a race-car enthusiast who competed in races.  On January 1, 2016, Fisher sustained incapacitating injuries in an accident during a race, necessitating the appointment of a guardian.  On June 1, 2016, Mark's mother, Jackie Fisher ("Jackie") was appointed guardian of his person, and attorney William H. Smith, Jr. was appointed guardian of his estate.  Smith was employed with Smith & Lehrer Co., LPA.

{¶ 3} Mark died on December 26, 2017.  Jackie was appointed administrator of his estate on September 4, 2018.  On December 30, 2022, she filed this action against Smith and his law firm (collectively, "Smith"), alleging that Smith acted negligently in failing to manage the guardianship estate in Mark's best interest and in failing to timely qualify Mark for Medicaid coverage.  She alleged that Smith & Lehrer was also negligent because other of its employees had performed work on behalf of the guardianship, it had failed to properly train and supervise its employees, and it was vicariously liable for Smith and others' negligence.

{¶ 4} Smith moved to dismiss Jackie's complaint under Civ.R. 12(B)(6) on the basis that her complaint was untimely.  He argued that Jackie's complaint alleged a breach of fiduciary duties owed to Mark under R.C. 2111.14, and courts have found that claims against fiduciaries are subject to the four-year statute of limitations set forth in R.C. 2305.09(D).  He further argued that a guardian's duties and powers end upon the death of the ward.  Because Mark died on December 26, 2017, Smith contended that the

2.

statute of limitations expired four years later, on December 26, 2021. Because Jackie did not file her complaint until December 30, 2022, he insisted that her complaint was untimely and must be dismissed.

{¶ 5} Jackie responded that her complaint was one for legal malpractice, governed by the one-year statute of limitations set forth in R.C. 2305.11(A). Although she never used the word "malpractice," she insisted that the "gist" of her complaint was that Smith had committed legal malpractice in his handling of Mark's guardianship estate. Jackie argued that the statute of limitations for legal malpractice begins to run either when there is a cognizable event whereby the client should have discovered injury related to his attorney's action or inaction *or* when the attorney-client relationship for that particular transaction ends, whichever is later. Jackie maintained that the attorney-client relationship ended when Smith filed a notice with the probate court, indicating that he was retiring from the practice of law and closing Smith & Lehrer effective December 31, 2021. Therefore, she claimed, the statute of limitations did not expire until December 31, 2022, one year after Smith retired and the day after she filed her complaint.

{¶ 6} Smith replied that the alleged injuries here arose from his relationship as the guardian of the estate of Mark—not from an attorney-client relationship—therefore, the statute of limitations that courts have applied to non-attorney guardians applies notwithstanding the fact that Smith was licensed to practice law. He contended that the cognizable event giving rise to Jackie's complaint was the alleged failure to qualify Mark for Medicaid, which accrued no later than his death on December 26, 2017, more than

3.

five years before Jackie filed the complaint. Smith further argued that even if the action was one for legal malpractice, the attorney-client relationship ended on the day Mark died—not on the day Smith retired. Again, the action was not filed until December 30, 2022.

{¶ 7} In a judgment entered on April 25, 2023, the trial court dismissed Jackie's complaint. Jackie appealed. She assigns the following error for our review:

> The Trial Court erred in granting Defendants' Motion to Dismiss Plaintiffs' claims for legal malpractice.

## II. Law and Analysis

{¶ 8} Jackie's assignment of error, which challenges the dismissal of her complaint, requires us to determine whether her complaint was time-barred. Jackie argues that her complaint was one for legal malpractice, subject to the one-year statute of limitations set forth in R.C. 2305.11(A). She argues that under R.C. 2305.11(A), the statute of limitations began to run when the attorney-client relationship terminated. She maintains that the parties' attorney-client relationship terminated on December 31, 2021, the effective date of Smith's retirement.

{¶ 9} Smith responds that Jackie's complaint asserts a claim for negligence against Smith in his capacity as guardian of Mark's estate—not legal malpractice—therefore, the four-year limitations period in R.C 2305.09(D) applies. He insists that the fact that Smith was a licensed attorney does not automatically create an attorney-client relationship with his ward. He points out that Jackie's complaint asserts that Smith failed to timely qualify

4.

Mark for Medicaid in violation of his duty as a guardian under R.C. Chapter 2111. Smith maintains that a guardian's duties and powers end upon the ward's death, thus, he claims, the statute of limitations accrued, at the latest, upon Mark's death on December 26, 2017.

{¶ 10} Smith further argues that even if the complaint had alleged a cause of action for legal malpractice, that claim would still be time-barred under R.C. 2305.11(A) because the clock begins to run on a legal-malpractice claim upon the later of (1) the "cognizable event"; or (2) the date the attorney-client relationship is terminated. He maintains that the attorney-client relationship is a personal one that terminates upon the death of either the client or the attorney. Therefore, he insists, even if Jackie's complaint could be construed as asserting a claim for legal malpractice, the claim is still time-barred because it was filed more than one year after Mark's death on December 26, 2017.

### A. Standard of Review

{¶ 11} We review de novo a trial court's decision granting a motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted. *State ex rel. Sands v. Coulson*, 163 Ohio St.3d 275, 2021-Ohio-671, 169 N.E.3d 663, ¶ 6, citing *Alford v. Collins-McGregor Operating Co.*, 152 Ohio St.3d 303, 2018-Ohio-8, 95 N.E.3d 382, ¶ 10. "A Civ.R. 12(B)(6) motion to dismiss is procedural and tests the sufficiency of the complaint." *NZR Retail of Toledo, Inc. v. Beck Suppliers, Inc.,* 6th Dist. Lucas No. L-15-1179, 2016-Ohio-3205, ¶ 12, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.,* 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). To dismiss a complaint under Civ.R. 12(B)(6), "it must appear beyond doubt that the plaintiff can prove no set of facts

5.

in support of the claim that would entitle the plaintiff to the relief sought." *Ohio Bur. of Workers' Comp. v. McKinley,* 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975). In considering the motion, the court must accept as true all factual allegations in the complaint and construe any reasonable inferences in favor of the non-moving party. *Alford* at ¶ 10.

{¶ 12} "In general, a Civ.R. 12(B)(6) motion is viewed with disfavor, rarely granted and reserved for those cases that cannot possibly succeed." *Alexander Local School Dist. Bd. of Education v. Village of Albany,* 2017-Ohio-8704, 101 N.E.3d 21, ¶ 51 (4th Dist.). However, "[a] complaint may be dismissed under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations when the complaint on its face conclusively indicates that the action is time-barred." *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 13, citing *Doe v. Archdiocese of Cincinnati,* 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11.

### B. Evidence Outside the Complaint

{¶ 13} Before we address which statute of limitations applies here, we note that both Jackie and Smith attached to their Civ.R. 12(B)(6) briefing unauthenticated documents that were not attached to the complaint. Smith attached the guardianship docket for the period February 12, 2016, to October 19, 2021. Jackie attached filings in the guardianship action dated December 5 and 28, 2021.

6.

{¶ 14} "Consideration by the court of anything outside the four corners of the complaint," including pleadings in other cases, "is improper when considering a Civ.R. 12(B)(6) motion." *Snyder v. Gleason Constr.,* 6th Dist. Lucas No. L-12-1187, 2013-Ohio-1930, ¶ 17. While a trial court may take judicial notice of "appropriate matters" in considering a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim, it "is not permitted to take judicial notice of proceedings in another case, * * * even a prior proceeding before the same court involving the same parties." (Emphasis omitted.) *Pollard v. Elber*, 2018-Ohio-4538, 123 N.E.3d 359, ¶ 14 (6th Dist.), quoting *McMahon v. Continental Express, Inc.*, 6th Dist. Wood No. WD-07-030, 2008-Ohio-76, ¶ 34. It may take judicial notice only of the proceedings in the immediate case. *Id.*

{¶ 15} The trial court did not explain its reasons for granting Smith's motion, so we do not know if it considered the documents attached to the parties' Civ.R. 12(B)(6) briefings. In conducting our de novo review here, this court will not consider those documents.

{¶ 16} Additionally, there are assertions of fact in the parties' briefs that were not alleged in the complaint. For instance, Jackie alleged in her opposition to the motion to dismiss and in her brief on appeal that Smith retired and closed his law practice effective December 31, 2021. Because review under Civ.R. 12(B)(6) is limited to the face of the complaint, and this fact was not alleged in the complaint, we will not consider it in conducting our de novo review here.

7.

## C.  The Applicable Statute of Limitations

{¶ 17} Jackie's complaint asserts that Smith is a licensed attorney, but her complaint alleges only that he was appointed *guardian* of Mark's estate.  She does not allege in her complaint that Smith was appointed or retained as the attorney for the guardianship estate.  She claims in her complaint that as Mark's guardian, Smith's duties "included the fiduciary duties conferred upon Guardians including those specified in Ohio Revised Code Section 2111.14."

{¶ 18} R.C. 2111.14 enumerates the duties of a guardian of an estate.  It provides that a guardian appointed to take care of the estate of a ward shall have the duty to (1) make and file a full inventory of the real and personal property of the ward; (2) manage the estate for the best interest of the ward; (3) pay all debts due from the ward out of the estate, collect all debts due to the ward, and appear for and defend all suits against the ward; (4) obey all court orders and judgments relating to the guardianship; (5) bring suit for the ward if it is in the ward's best interests; and (6) settle and adjust assets to the greatest advantage of the ward.  Jackie alleges in her complaint that Smith was negligent in not having "a competent, working knowledge of the issues involved," failing to "manage the estate" in Mark's best interest, and failing to "timely qualify Mark for Medicaid coverage."

{¶ 19} Jackie argues that a claim in tort, fraud, or contract against a lawyer is essentially a claim for attorney malpractice.  Under R.C. 2305.11(A), "an action for legal malpractice against an attorney or a law firm or legal professional association * * * shall

8.

be commenced within one year after the cause of action accrued." A cause of action for legal malpractice accrues upon the occurrence of "'a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney[,] or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever is later.'" *Roe v. Connolly, Hillyer & Ong*, 5th Dist. Tuscarawas No. 2023 AP 06 0037, 2024-Ohio-553, ¶ 18-19, quoting *Zimmie v. Calfee, Halter and Griswold*, 43 Ohio St.3d 54, 538 N.E.2d 398 (1989).

{¶ 20} In *Wolfe v. Grey*, 4th Dist. Athens No. 963, 1979 WL 206831, *1 (Jun. 29, 1979), a matter involving the conduct of an attorney who had been appointed guardian ad litem, the court recognized that "[a]n action against an attorney for malpractice is bottomed on the existence of an attorney-client relationship." It observed that "there is no requirement that a guardian ad litem be an attorney," and explained that it was "not prepared to hold that the mere appointment of an attorney as guardian ad litem thereby obligates such person to function as the ward's attorney with that office's attendant powers and duties." *Id.*

{¶ 21} Here, too, a guardian of the estate of an incompetent person need not be a licensed attorney. Jackie's complaint alleges only that Smith was appointed the guardian of Mark's estate and identifies the duties Smith owed as those conferred under R.C. 2111.14. Her complaint does not allege that Smith acted as the attorney for Mark's

9.

guardianship estate and does not allege that Smith provided negligent legal services. It alleges negligence only with respect to duties owed by guardians, generally.

{¶ 22} In *Zeigler v. Bove*, 5th Dist. Richland No. 98 CA 65, 1999 WL 4080, *2 (Dec. 23, 1998), the court affirmed the dismissal of plaintiff's legal malpractice claim because the complaint did not allege the existence of an attorney-client relationship that would give rise to a duty. While the complaint stated that the defendant was an attorney licensed to practice in Ohio and that he was negligent in the handling of the estate at issue, plaintiff failed to allege that there existed an attorney-client relationship. Even recognizing that Ohio is a notice-pleading state, the court held that this was not sufficient and affirmed the dismissal of plaintiff's complaint under Civ.R. 12(B)(6).

{¶ 23} Like the plaintiff in *Ziegler*, Jackie failed to allege the existence of an attorney-client relationship. In the absence of this allegation, we cannot conclude from the four corners of the complaint that this was a legal-malpractice claim to which the legal-malpractice statute of limitations applies.

{¶ 24} While the complaint does not allege that Smith was the attorney for Mark's guardianship estate, it clearly alleges that he was the guardian of the estate. Under Ohio law, a guardian occupies a fiduciary position to his ward. *Guardianship of Morgan v. Potter*, 6th Dist. Lucas No. L-79-265, 1980 WL 351224, *6 (Apr. 4, 1980), citing R.C. 2109.01. "A claim of breach of fiduciary duty is basically a claim for negligence that involves a higher standard of care." (Internal quotations and citations omitted.) *Waffen v. Summers,* 6th Dist. Ottawa No. OT-08-034, 2009-Ohio-2940, ¶ 38. A claim for breach

10.

of fiduciary duty is governed by the four-year statute of limitations set forth in R.C. 2305.09(D). *Cohen v. Dulay*, 2017-Ohio-6973, 94 N.E.3d 1167, ¶ 13 (9th Dist.). Under R.C. 2305.09(D), a claim must be brought within four years after the cause accrued. A claim generally accrues for a breach of fiduciary duty under R.C. 2305.09(D) on the date the wrongful act was committed. *Clemens v. Nelson Fin. Group, Inc.,* 10th Dist. Franklin No. 14AP-537, 2015-Ohio-1232, ¶ 46.

{¶ 25} Having determined that R.C. 2305.09(D) provides the governing statute of limitations here, we must next determine whether Jackie filed her complaint within four years of the claim accruing.

### D. Accrual of the Claim

{¶ 26} Jackie's complaint alleges that Smith committed breaches of duty, but she does not allege specifically when those breaches occurred. The complaint does state that Mark died on December 26, 2017, and Jackie was appointed administrator of his estate on September 4, 2018.

{¶ 27} Smith argues that a guardian's duties and powers end upon the ward's death, therefore, the latest the claim against him could have accrued was the date of Mark's death on December 26, 2017. It is true that the duties and powers of a guardian generally end upon the ward's death. *Sommers v. Boyd*, 48 Ohio St. 648, 658, 29 N.E. 497 (1891), paragraph one of the syllabus. However, the guardian of an estate retains the duty and the power "after the ward's death to make a proper accounting and settlement of any acts taken in regard to the ward's assets." *State ex rel. Estate of Hards v. Klammer*,

11.

110 Ohio St.3d 104, 2006-Ohio-3670, 850 N.E.2d 1197, ¶ 12.  The guardian must keep the ward's property "intact and safe until a fiduciary [is] appointed to administer the estate."  *Bevins v. Cent. Tr. Co.,* 12th Dist. Butler No. CA92-02-034, 1992 WL 357156, *5 (Dec. 7, 1992), citing *Sommers* at 658.  The administrator of the deceased ward's estate then takes over the affairs.  *In re Martin*, 7th Dist. Mahoning No. 09 MA 117, 2010-Ohio-3155, ¶ 18, citing *In Matter of Guardianship of Ward*, 12th Dist. No. CA86-02-004, *2 (Sept. 29, 1986).  *See also In re Estate of Boone*, 190 Ohio App.3d 799, 2010-Ohio-6269, 944 N.E.2d 307, ¶ 35 (7th Dist.), citing *State ex rel. Hards v. Klammer,* 11th Dist. No.2004-L-189, 2005-Ohio-2655, ¶ 14, citing *Simpson v. Holmes*, 106 Ohio St. 437, 439, 140 N.E. 395 (1922) (explaining that when the ward dies, the legal effect of the guardianship ends "and the executor of the estate takes immediate title to the assets"); *Swift v. Gray*, 11th Dist. Trumbull No. 2007-T-0096, 2008-Ohio-2321, ¶ 49, quoting *Simpson* at 439 ("[T]he 'sole duty' of the guardian after the death of the ward [i]s 'to render an account of his stewardship up to the date of his ward's death.'"  (Emphasis omitted.)).

{¶ 28} Here, it is not clear from the complaint when Smith allegedly breached duties to Mark's estate.  But it is clear that on September 4, 2018, Jackie was appointed the administrator of Mark's estate, at which time Smith was responsible only for rendering an account.  Jackie became responsible for the property of the estate.  We conclude that the four-year statute of limitations for bringing suit against Smith for breaching duties owed as the guardian of Mark's estate expired *no later than* September

12.

4, 2022, four years after Jackie was appointed administrator.  Because Jackie's complaint was not filed until December 30, 2022, we find that her complaint is barred by the statute of limitations.

{¶ 29} Accordingly, we find Jackie's assignment of error not well-taken.

### III.  Conclusion

{¶ 30} Because Jackie's complaint asserts negligence arising from the breach of duties conferred upon guardians under R.C. 2111.14 and does not allege that Smith provided negligent legal services, R.C. 2305.09(D) provides the applicable statute of limitations.  When Mark died, Smith's only remaining duty was to make a proper accounting and settlement of acts taken in regard to his assets.  When Jackie was appointed administrator of his estate, she took immediate title to the guardianship assets.  Therefore, her claim against Smith accrued, at the latest, at the time of her appointment.  Because her complaint was filed more than four years after her appointment, it was untimely.  We, therefore, find her assignment of error not well-taken.

{¶ 31} We affirm the April 25, 2023 judgment of the Erie County Court of Common Pleas.  Jackie is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

13.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.     _____
                 JUDGE

Gene A. Zmuda, J.

                 _____

Myron C. Duhart, J.         JUDGE
CONCUR.

                 _____
                 JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.