[Cite as *State ex rel. Ballah v. Sandusky City Schools Bd. of Edn.*, 2024-Ohio-5136.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio, ex rel., Kelly Ballah       Court of Appeals No.: E-24-033

     Relator

v.

Sandusky City Schools Board of       **DECISION AND JUDGMENT**
Education

     Respondent       Decided: October 25, 2024

* * * * *

**SULEK, P.J.**

{¶ 1} This matter is before the court on the motion of respondent Sandusky City Schools Board of Education ("the Board") to dismiss the mandamus complaint filed by relator Kelly Ballah. Because Ballah has an adequate remedy in the ordinary course of law, her mandamus complaint must be dismissed.

## I. Factual Background and Procedural History

**{¶ 2}** The following facts are taken from the complaint. Ballah has been employed by the Board since the 2005-2006 school year and has worked since the 2013-2014 school year as a certified teacher. At all relevant times, Ballah has been a member of the Sandusky Education Association ("SEA"), which is the exclusive representative for certified teachers employed by the Board.

**{¶ 3}** The SEA and the Board have negotiated a collective bargaining agreement[1] that includes a salary schedule consistent with the requirements of R.C. 3317.14. That section provides that "[a]ny school district board of education . . . participating in funds distributed under Chapter 3317. of the Revised Code shall annually adopt a teachers' salary schedule with provision for increments based upon training and years of service." The agreed-upon salary schedule in this case includes a pay increase for teachers that have completed their Master's degree. Relevant to that increase, Section 14.04 of the collective bargaining agreement provides,

> Any teacher eligible for an increase in salary due to additional training shall file an official transcript in the Superintendent's office indicating credit for additional course work completed. Transcripts shall be filed not later than September 15 for salary adjustments to be effective at the start of the school year, and not later than January 15 for salary adjustments to be effective at the start of the second semester of the school year.

---

[1] Ballah attached to her mandamus complaint a copy of the collective bargaining agreement effective between 2010 and 2013. The Board attached the current collective bargaining agreement to its motion to dismiss. Because the relevant provisions are functionally the same in both agreements, it is not necessary to differentiate between the two.

2.

Salary adjustments shall be acted upon by the Board not later than the next regular meeting after the dates specified above and salary notices shall be sent to each teacher granted said salary adjustments.

{¶ 4} Importantly, the collective bargaining agreement also contains a grievance procedure. A "grievance" is "a claim by a member(s) of the bargaining unit or the Association that there has been a violation, misapplication, or misinterpretation of one (1) or more of the provisions of this Agreement." The final step of the grievance procedure is binding arbitration.

{¶ 5} In May 2009, Ballah submitted a transcript from Walden University showing that she completed 30 hours of coursework in the Master of Science Education program. Ballah and the Board dispute whether this transcript entitled her to be placed on the salary schedule for teachers that have completed their Master's degree. Nonetheless, for the 2023-2024 school year, the Board placed Ballah on the salary schedule with her Master's degree.

{¶ 6} Ballah, however, believing that she was improperly placed on the salary schedule from the 2013-2014 school year through the 2022-2023 school year, informally sought retroactive payment from the Board. When that was unsuccessful, Ballah filed a grievance in accordance with the collective bargaining agreement on November 13, 2023. Ballah asserts that her grievance is no longer pending because she has now been properly placed on the salary schedule and there is no provision in the collective bargaining agreement addressing retroactive back pay.

3.

**{¶ 7}** On June 7, 2024, Ballah initiated the present action when she filed a petition for a writ of mandamus seeking an order of this court compelling the Board to award her back pay beginning from the 2013-2014 school year. On June 25, 2024, this court issued an alternative writ and ordered the Board either to do the act requested or to show cause why it is not required to do so by filing an answer or a motion to dismiss.

**{¶ 8}** The Board filed its motion to dismiss on July 18, 2024. Ballah has responded in opposition and the Board has filed its reply. The matter is now decisional.

## II. Analysis

**{¶ 9}** In its Civ.R. 12 motion to dismiss, the Board argues (1) that this court lacks subject matter jurisdiction over the mandamus complaint because Ballah's exclusive remedy is through binding arbitration, (2) that the binding arbitration provided for in the collective bargaining agreement is an adequate remedy in the ordinary course of the law, and (3) that Ballah's complaint fails to state a claim upon which relief can be granted because the May 2009 transcript does not show that Ballah earned a Master's degree.

**{¶ 10}** Assuming for purposes of this decision that this court has subject-matter jurisdiction over Ballah's mandamus complaint, the complaint must be dismissed under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted because Ballah has an adequate remedy at law.

**{¶ 11}** "A Civ.R. 12(B)(6) motion to dismiss is procedural and tests the sufficiency of the complaint." *Fisher v. Smith & Lehrer Co., L.P.A.*, 2024-Ohio-1177, ¶ 11 (6th Dist.), quoting *NZR Retail of Toledo, Inc. v. Beck Suppliers, Inc.*, 2016-Ohio-

4.

3205, ¶ 12 (6th Dist.). "To dismiss a complaint under Civ.R. 12(B)(6), 'it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought.'" *Id.*, quoting *Ohio Bur. of Workers' Comp. v. McKinley*, 2011-Ohio-4432, ¶ 12. "In considering the motion, the court must accept as true all factual allegations in the complaint and construe any reasonable inferences in favor of the non-moving party." *Id.*, citing *Alford v. Collins-McGregor Operating Co.*, 2018-Ohio-8, ¶ 10.

{¶ 12} To be entitled to a writ of mandamus, Ballah must establish "(1) a clear legal right to the requested back pay and related benefits, (2) a corresponding clear legal duty on the part of the board to grant [her] request for back pay and associated benefits, and (3) the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Kabert v. Shaker Hts. City School Dist. Bd. of Edn.*, 78 Ohio St.3d 37, 39 (1997).

{¶ 13} The Board cites two cases to support its position that binding arbitration is an adequate legal remedy. In the first, *State ex rel. Johnson v. Cleveland Hts./Univ. Hts. School Dist. Bd. of Edn.*, 73 Ohio St.3d 189 (1995), Johnson filed a mandamus complaint seeking back pay for the school district's failure to properly place her on the salary schedule to reflect additional training that she received through law school.

{¶ 14} Johnson, an elementary reading instruction specialist, was subject to a collective bargaining agreement that included a grievance procedure culminating in binding arbitration. Section 21.033 of that agreement allowed teachers "to take and receive salary credits for courses beyond a master's degree if, among other requirements,

5.

'upon evaluation and prior approval by the Superintendent, [the courses] are within the individual's related teaching assignment or contribute to the improvement of the professional efficiency of the total job of public school teaching.'" *Id.* at 190. The school district denied Johnson's request for a salary adjustment based on her juris doctor degree. *Id.*

{¶ 15} In response, Johnson initially filed a formal grievance, but later withdrew it. She subsequently filed a mandamus complaint in the Court of Appeals for Cuyahoga County seeking an order compelling the school district to place her on the appropriate step of the teachers' salary schedule and to pay her over $16,000 in back wages. *Id.* The court of appeals granted the school district's motion for summary judgment and denied the writ, reasoning that Johnson had an adequate remedy at law through the grievance procedure. *Id.* at 191.

{¶ 16} On appeal to the Ohio Supreme Court, Johnson argued that she was entitled to salary credits pursuant to R.C. 3317.13 and 3317.14 and that those statutes prevailed over the conflicting provisions of the collective bargaining agreement. The Ohio Supreme Court disagreed, reasoning that there was no conflict between R.C. 3317.13 and 3317.14 and the collective bargaining agreement pertaining to the course-content limitations on additional training. *Id.* Further, even if there was, the collective bargaining agreement provisions would prevail over the statutes. *Id.* at 192. Thus, the court affirmed the award of summary judgment and the denial of the claim for a writ of mandamus, holding that Johnson "possessed an adequate remedy in the ordinary course

6.

of law via the grievance and arbitration procedure of the collective bargaining agreement." *Id.* at 193.

{¶ 17} The second case cited by the Board is similar. In *State ex rel. Lockard v. Wellston City School Dist. Bd. of Edn.*, 2015-Ohio-2186, ¶ 1 (4th Dist.), Lockard sought a writ of mandamus to compel the school district to provide him salary schedule service credit for his active duty military service and to provide him back pay for the years he was not properly placed. The parties disputed whether Lockard's military service qualified for credit under R.C. 3317.13(A)(1)(d). *Id.* at ¶ 11.

{¶ 18} The school district moved for dismissal, arguing that Lockard had an adequate remedy at law through the grievance process that ended with binding arbitration. *Id.* at ¶ 3. Lockard conceded that his grievance with the school district concerned its decision not to provide him with experience credit under the terms of the collective bargaining agreement but argued that he was not required to follow the grievance procedures because his underlying legal argument involved a matter of statutory interpretation. *Id.* at ¶ 14.

{¶ 19} In granting the dismissal, the court recognized that Lockard's grievance arose under Article 15.01(B) of the collective bargaining agreement, which itself referenced the provisions in R.C. 3317.13(A)(1)(d). The court thus concluded that his grievance was covered by the collective bargaining agreement, and "[t]he fact that the dispute may ultimately require an arbitrator to interpret a statutory provision does not cause the grievance to fall outside of (sic) scope of the Agreement." *Id.* at ¶ 17.

7.

Therefore, the court held that "Lockard's grievance is governed by the parties' collective bargaining agreement and the grievance procedures set forth in it provide a plain and adequate remedy in the ordinary course of law." *Id.* at ¶ 22.

{¶ 20} The present situation is analogous to both *Johnson* and *Lockard*. In those cases, the relator had a dispute with the school district over whether he or she was properly placed on the salary schedule based on education or service credit. Likewise, Ballah and the Board disagree whether the transcript she provided in May 2009 qualified her to be placed on the salary schedule for having earned her Master's degree. As with those cases, Ballah's grievance arises under the terms of the collective bargaining agreement, specifically articles 14.02 and 14.04. Therefore, consistent with *Johnson* and *Lockard*, the grievance procedure provided for in article 6.04 is a plain and adequate remedy in the ordinary course of law.

{¶ 21} Finally, the parties discuss *Tapo v. Columbus Bd. of Edn.*, 31 Ohio St.3d 105 (1987), syllabus, in which the Ohio Supreme Court held,

> A teacher seeking back pay from a school board, as a result of the board's erroneously placing her on its salary schedule, is not required to follow the grievance-arbitration procedure of a collective bargaining agreement where the board stipulates that the teacher was qualified for placement in the higher paying category on the salary schedule during the time in question and that the master agreement contains no provision as to the question of retroactivity or statute of limitations relative to correcting an erroneous placement on the salary schedule.

{¶ 22} As argued by the Board, *Tapo* is inapposite because the limited holding in that case hinged on the school district's stipulation that the teacher was improperly

8.

placed, a distinction that was recognized in *Johnson*. The court in *Johnson* commented, "In *Tapo*, the teachers' failure to pursue a claim of erroneous placement on the salary schedule through the collective bargaining agreement's grievance and arbitration procedure did not preclude a writ of mandamus because there was no 'grievance' that could be filed. . . There was no stipulation by the board here that Johnson was entitled to the requested salary credits and back pay. *Tapo* is thus inapposite." *Johnson*, 73 Ohio St.3d at 193.

{¶ 23} Notably, Ballah argues that the Board's action in placing her on the salary schedule with her Master's degree for the 2023-2024 school year is a concession or stipulation that she was always entitled to that placement. The complaint, however, alleges no such thing. Indeed, the complaint sets forth that the Board refused to come to an agreement or provide her with back pay. And the Board in its motion to dismiss contends that Ballah's 2009 transcript does not entitle her to placement on the salary schedule with her Master's degree. Thus, unlike *Tapo*, there is no stipulation that would eliminate the existence of any grievance.

{¶ 24} In sum, because Ballah's claim arises under the terms of the collective bargaining agreement, the grievance procedure culminating in binding arbitration constitutes an adequate remedy in the ordinary course of law. *See State ex rel. Casey v. Brown*, 2023-Ohio-2264, ¶ 40 (affirming dismissal of mandamus action that sought to compel the relators to promote the petitioner to the rank of battalion chief and award him associated retroactive compensation and benefits because the petitioner "had an adequate

9.

remedy in the ordinary course of the law to advance his grievance by way of the CBA because his claim was grievable"). Accordingly, accepting all factual allegations in the complaint as true and construing any reasonable inferences in her favor, Ballah cannot prove any set of facts entitling her to relief in mandamus.

### III. Conclusion

{¶ 25} For the foregoing reasons, the Board's motion to dismiss Ballah's mandamus claim is hereby granted. Ballah's petition for a writ of mandamus is denied. Costs of this action are assessed to Ballah.

{¶ 26} The clerk is directed to serve upon all parties, within three days, a copy of this decision in a manner prescribed by Civ.R. 5(B).

Writ dismissed.

Myron C. Duhart, J.
_____
JUDGE

Charles E. Sulek, P.J.
_____
JUDGE

Gene A. Zmuda, J.
CONCURS and writes separately.
_____
JUDGE

**ZMUDA, J.**

{¶ 27} Because I agree that dismissal is proper, but based on different analysis, I concur and write separately.

{¶ 28} The majority notes the facts alleged, including Ballah's employment beginning with the 2005-2006 school year, her employment as a certified teacher since the 2014-2015 school year, and her membership in the Sandusky Education Association (SEA), which negotiated a collective bargaining agreement with relator, the Board. The majority also notes allegations that, beginning with the 2023-2024 school year, the Board placed Ballah on the salary schedule, consistent with her claimed master's degree.

{¶ 29} However, in determining that the collective bargaining agreement applies to Ballah's claim for retroactive pay, the majority reviewed the current collective bargaining agreement attached to the Board's motion to dismiss. The majority concludes that the request articulated in the complaint, "to compel [the Board] to comply with its statutory obligations to pay [Ballah] the back pay she is owed for employment as a licensed teacher pursuant to [R.C.] 3317.13 and 3317.14.," is a claim dependent on her collective bargaining rights to wages, as covered by the agreement, and that Ballah has a remedy pursuant to the agreement through the grievance procedure and arbitration. The majority, therefore, would dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim. In determining that Ballah's claim is insufficient to withstand dismissal, the majority considers the merits of Ballah's claim for retroactive pay along with the potential

11.

defenses to this claim, proffered by the Board based on reference to the current, effective agreement. I disagree with this analysis.

{¶ 30} As an initial matter, because the claim before the court is a mandamus complaint, we have subject matter jurisdiction pursuant to Section 3(B)(1) of Article IV of the Ohio Constitution. Therefore, dismissal pursuant to Civ.R. 12(B)(1), based on lack of subject matter jurisdiction, is not proper. However, the Board also seeks dismissal pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief can be granted.

{¶ 31} Before we dismiss a mandamus complaint for failure to state a claim, we must find that "it appears beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor." *State ex rel. Martre v. Reed,* 2020-Ohio-4777, ¶ 8, citing *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Servs*., 83 Ohio St.3d 179, 181 (1998). Because Ballah attached a collective bargaining agreement to her pleading, we may consider the agreement as part of the complaint for purposes of Civ.R. 12(B)(6). *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.,* 72 Ohio St.3d 106, 109 (1995). The same may not be said for the current agreement, attached as an exhibit to the Board's motion to dismiss.

{¶ 32} "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." (Citation omitted) *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.,* 65 Ohio St.3d 545, 548 (1992). In

12.

considering the motion, we are limited to reviewing the complaint. As such, the Board may not rely on the current collective bargaining agreement, attached as an exhibit to their motion to dismiss, as this agreement is evidence outside the complaint. Therefore, we may only consider the current agreement if we treat the motion as a motion for summary judgment under Civ.R. 56, with reasonable notice to the parties. *Id.,* citing Civ.R. 12(B); *State ex rel. Natalina Food Co. v. Ohio Civil Rights Comm.,* 55 Ohio St.3d 98, 99 (1990).

{¶ 33} "To dismiss a complaint under Civ.R. 12(B)(6), 'it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought.'" *Fisher v. Smith & Lehrer Co., L.P.A.,* 2024-Ohio-1177, ¶ 11 (6th Dist.), quoting *Ohio Bur. of Workers' Comp. v. McKinley*, 2011-Ohio-4432, ¶ 12. "In considering the motion, the court must accept as true all factual allegations in the complaint and construe any reasonable inferences in favor of the non-moving party." *Id.*, citing *Alford v. Collins-McGregor Operating Co.*, 2018-Ohio-8, ¶ 10.

{¶ 34} In her complaint for mandamus relief, Ballah claims that R.C. 3317.14 required placement at the higher salary bracket once evidence of training was tendered to the Board, and that her university sent her official transcript to the Board in May of 2009, at her request. She further alleges that once she became a full-time, certified teacher in the 2013-2014 school year, the Board failed to properly place her on the salary schedule. Ballah alleges she initiated a grievance in November 2023, pursuant to the collective

13.

bargaining agreement, with the grievance no longer pending "as she has been properly placed." She alleges that the Board refused to "correct its mistake" regarding placement and the Board has a legal obligation to pay Ballah $22,208.00 in retroactive pay beginning with the 2013-2014 school year, along with the associated state teacher retirement system contributions.

{¶ 35} To be entitled to a writ of mandamus, Ballah must demonstrate, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *Martre* at ¶ 8, citing *State ex rel. Waters v. Spaeth*, 2012-Ohio-69, ¶ 6, 13. However, Ballah's allegations in the mandamus complaint fail to assert a clear legal duty.

{¶ 36} Ballah's claim for retroactive pay has not been determined, through either litigation or the grievance procedure under the collective bargaining agreement. Her claim, accordingly, demonstrates a potential, future legal right, as the claim has not been reduced to judgment. Therefore, Ballah's allegation that the Board has a legal obligation to award her retroactive pay and make the associated retirement contributions is a legal conclusion, and not a factual allegation. "'[U]nsupported legal conclusions' are not enough to withstand a motion to dismiss." *State ex rel. Duncan v. Am. Transm. Systems, Inc.,* 2022-Ohio-323, ¶ 19, quoting *State ex rel Martre,* 2020-Ohio-4777, ¶ 12.

{¶ 37} Ballah's pleading contains no facts to support the claimed legal obligation of the Board and instead demonstrates an unresolved dispute over Ballah's entitlement to

14.

approximately 10 years of retroactive pay and associated benefits. As support for her conclusion that she has a legal right and the Board has a legal duty, Ballah merely argues both statute and the collective bargaining agreement support her right to retroactive pay. However, the statutes, R.C. 3317.13 and 3317.14, govern the salary schedule and are silent regarding retroactive pay. The collective bargaining agreement, likewise, contains no provision governing retroactive pay, but instead outlines the procedure for qualifying for a salary increase due to additional training. The agreement attached to the complaint as an exhibit, moreover, is expired, and as a result, provides no basis for any claimed legal right.

{¶ 38} Because Ballah alleges no facts that would support a clear legal duty of the Board, her complaint essentially seeks a declaratory judgment on a claim for retroactive pay that has neither been litigated in a court nor resolved through the grievance process of the current collective bargaining agreement, the terms of which are not included as part of Ballah's pleading. This court has no original jurisdiction to decide a declaratory judgment concerning Ballah's right to retroactive pay. *See State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.,* 72 Ohio St.3d 106, 110 (1995). Ballah presents an undetermined claim for retroactive pay, subject to any defenses raised by the Board, with no factual allegations that support a legal right to this pay. Mandamus requires a clear legal right to the relief, the Board's clear legal duty to provide the requested relief, and the absence of an adequate remedy at law. *See, e.g., State ex rel. Gil-Llamas v. Hardin,* 2021-Ohio-1508, ¶ 12.

15.

{¶ 39} A motion to dismiss under Civ.R. 12(B)(6) "may not be used to summarily review the merits of a cause of action in mandamus." *Edwards* at 108. Thus, while the majority would dismiss based on the claim that Ballah has an adequate remedy through the grievance procedure of the collective bargaining agreement, such dismissal "is normally improper in a Civ.R. 12(B)(6) determination." *Id.* at 109, and in this case, relies on the current collective bargaining agreement attached as an exhibit to the motion to dismiss, and therefore not properly considered in determining an adequate remedy exists. Therefore, based solely on the complaint, it is not possible to find that an adequate remedy at law precludes mandamus relief. Instead, I find dismissal is proper for failure to sufficiently allege the Board had a clear legal duty or that Ballah has a clear legal right to retroactive pay and benefits.

{¶ 40} The statutes and collective bargaining agreement, referenced by Ballah, demonstrate no legal duty or right. As a result, Ballah's claim of a legal duty is merely an unsupported legal conclusion. Without sufficient allegations of a clear legal duty or clear legal right, Ballah's mandamus complaint is deficient and subject to dismissal for failure to state a claim. *See, e.g., State ex rel. Fain v. Summit Cty. Adult Probation Dept.,* 71 Ohio St.3d 658, 659 (1995) (affirming dismissal for failure to state a claim where inmate's conclusory statement of a "clear legal duty" was not supported by cited statute regarding a duty); *State ex rel. Blachere v. Tyack,* 2023-Ohio-781, ¶ 24 (relator could not establish a legal duty on the part of the Clerk to file his affidavit where R.C. 2935.09 did not specify a legal duty).

16.

{¶ 41} In construing the factual allegations of Ballah's complaint as true, she fails to allege any determination by the Board that she was entitled to master's degree placement on the pay schedule for any school year other than the 2023-2024 school year. Ballah alleges that the collective bargaining agreement in effect for 2010-2013 provided for an increase in salary due to additional training, upon filing an official transcript in the Superintendent's office "not later than September 15 for salary adjustments to be effective at the start of the school year, and not later than January 15 for salary adjustments to be effective at the start of the second semester of the school year." The only allegation concerning transcripts, however, referenced an official transcript sent to the Board in May of 2009, prior to Ballah's employment as a certified teacher, which began with the 2014-2015 school year. Significantly, the complaint contains no allegation that Ballah followed the procedure outlined in a collective bargaining agreement or requested proper placement prior to the 2023-2024 school year, with Ballah's only claim that she "began informal discussion with Respondent Board" with no agreement reached.

{¶ 42} Ballah does not seek proper placement on the schedule *and* back pay for the period of improper placement as relief in mandamus. Instead, Ballah alleges that the Board properly placed her on the salary schedule after she pursued a grievance during 2023-2024 school year and therefore the Board is obligated to adjust all the previous pay schedules, without any allegation that the Board determined Ballah was entitled to the same placement in the previous school years or that Ballah sought such a determination. Therefore, Ballah's sole remedy, sought through mandamus, is retroactive pay for the

17.

years preceding the Board's 2023-2024 determination, with no allegation of a determination relative to placement in those preceding years.

{¶ 43} The Ohio Supreme Court has held that mandamus is a proper mechanism to recover retroactive pay arising from an improper employment action, such as wrongful termination or wrongful reduction. *See, Monaghan v. Richley,* 32 Ohio St.2d 190 (1972). In this case, however, Ballah seeks only monetary damages for the prior school years, with no allegation that her claim for placement on the salary schedule had been determined for any of the prior school years. "The function of mandamus is to compel the performance of a present existing duty as to which there is a default. It … contemplates the performance of an act which is incumbent on the respondent when the application for a writ is made." *State ex rel. Willis v. Sheboy,* 6 Ohio St.3d 167, 168-169 (1983), quoting *State ex rel. Federal Homes Properties, Inc. v. Singer,* 9 Ohio St.2d 95, 96 (1967). In this case, Ballah alleges a process under the 2010-2013 collective bargaining agreement to obtain an increase in pay based on education, but she alleges no use of this process or a determination by the Board, prior to the 2023-2024 school years. Furthermore, neither the statutes referenced by Ballah nor the collective bargaining agreement incorporated within Ballah's pleading impose a legal duty on the Board regarding retroactive pay and benefits, outside the process contained within the agreement.

{¶ 44} Accordingly, based on the allegations in the complaint for mandamus, and lacking any factual allegation to support Ballah's conclusion of a present existing duty,

18.

Ballah's complaint in mandamus does not sufficiently allege a claim based on any legal right of Ballah or a legal right on the part of the Board to provide the requested relief.

{¶ 45} For the foregoing reasons, I would dismiss the mandamus complaint for failure to state a claim pursuant to Civ.R. 12(B)(6), and I respectfully concur in the judgment of the majority.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.